G. W. Chase & Son, Respondents, v. Willman Mercantile Company, Appellant.

Kansas City Court of Appeals, November 18, 1895.

Assumpsit: MONEY HAD AND RECEIVED: MISTAKE. *Assumpsit* for money had and received will lie when defendant has received the money of the plaintiff and ought by the ties of natural justice and equity to refund; so, where a common agent of two parties by mistake pays the money of one to the other, the former may maintain an action against the latter and there need be no privity of contract between the parties.

*Appeal from the Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

·Affirmed (*with damages*).

*Thos. F. Ryan* for appellant.

(1) To entitle respondent to recover, the evidence must show some privity existing between the parties in relation to the money sought to be recovered. 2 Ency.

of Pleading and Practice, p. 1021, sec. 2, and authorities there cited; Diecey on Parties to Actions, 2 Am. Add., pp. 110, 111; Keener on Quasi Contracts, p. 167; *Hall v. Carpen*, 27 Ill. 385. (2) The appellant has shown by the evidence that it did not receive the money as the money of the respondent, but it was paid to it and received by it in payment of the claim which his debtor owed appellant. The respondent's cause of action, if any, is against the attorneys whose negligence caused the mistake and not against this appellant. In order to entitle respondent to recover, it must be shown that the appellant was in some way responsible for the mistake, if any. *Mangy v. Hardy*, 13 Neb. 33. Before money can be recovered on the ground of mistake, the mistake must be such as to destroy the consideration. *United States v. Barlow*, 132 U. S. 281. And it must be shown that it is against the equity and good conscience to retain the money. *Ashley v. Jennings*, 48 Mo. App. 147; *Foster v. Kirby*, 31 Mo. 496; *Moore v. Moore*, 127 Mass. 22.

*Dowe, Johnson & Rusk* for respondents.

(1) The reason given by appellant why plaintiffs should not recover is, that there is no privity between plaintiffs and defendant. Respondents' position is that in a case like this, the law implies privity from the facts of the case. 4 Wait's Actions and Defenses, p. 469, and cases cited. In order to sustain an action for money had and received, privity of contract is not required. As a rule, when one person has in his hands money belonging to another, the law implies privity, and an action will lie on behalf of the latter. *Floyd v. Wiley*, 1 Mo. 643; *Hall v. Marston*, 17 Mass. 575; *Tamm v. Kellogg*, 49 Mo. 120; *Bank v. Bank*, 19 Fed. Rep. 301; *Mason v. Prendergast*, 120 N. Y. 536. The

same rule is stated in all the Missouri cases. *Cary v. Curtis*, 3 How. (U. S.) 236; *Winningham v. Fancher*, 52 Mo. App. 463; *Railroad v. McLiney*, 32 Mo. App. 166; *Walker v. Conant*, 31 N. W. Rep. 786; *Jacoby v. O'Hearn*, 32 Mo. App. 566; 2 Ency. Plead. and Prac., pp. 1016, 1017. Under note 2, p. 1017, cases are cited from nearly every state and many more might be easily added. 4 Wait's Act. and Def., p. 508, sec. 30, and cases cited. *Pierson et al. v. Fuhrmann*, 27 Pac. Rep. 1015. (2) This action lies for money paid by mistake. 2 Ency. Plead. and Prac., p. 1018, and cases cited; *U. S. v. Barlow*, 132 U. S. 271. Although the mistake was the result of plaintiff's carelessness. 4 Wait's Act. and Def., p. 481; Keener on Quasi-Contracts, pp. 70, 71; *Koontz v. Bank*, 51 Mo. 275; *Tybout v. Thompson*, 2 Browne (Pa.) 27; *Wheadon v. Olds*, 20 Wend., 174; *McDougall v. Cooper*, 31 N. Y. 498.

GILL, J.—Plaintiffs and defendant, who were engaged in business at St. Joseph, Missouri, each had an account against one Stout, an insolvent confectioner, at DeWitt, Nebraska. The claim of the Chases amounted to about $90, and that of the Willman Company to about $100. In August, 1893, plaintiffs sent their account to a firm of attorneys in Nebraska for collection. The attorneys presented the demand to Stout, who, though not then ready to pay, gave as security the written personal indorsement of a third party, due in sixty days. About three weeks thereafter the defendant placed its claim against Stout with the same Nebraska lawyers, with like instructions to collect. These attorneys were unable to collect the Willman claim, or to get any security therefor. Stout, however, executed his individual note to the Willman Company and gave it to the attorneys. Matters remained in this condition till November 13 following, when Stout went

to the office of the Nebraska lawyers and paid off the claim of the plaintiffs, took up the personal security given, and got in return a receipt in full for plaintiffs' demand. Through a mistake of the Nebraska attorneys (or their clerk) the money thus collected by them for the plaintiffs was sent to the defendant Willman Company. A few days thereafter the mistake was discovered and defendant was asked to turn over the money thus inadvertently given it, to the plaintiffs. But the defendant refused, and plaintiffs brought this action for money had and received, resulting in a judgment in their favor for the amount so paid defendant by mistake, and from this judgment defendant appealed.

The facts giving rise to this controversy are undisputed, and are, in effect, as we have already stated them. The sole question is, do they warrant the judgment which has been rendered against the defendant?

It would seem that there ought not to be any question as to the right of plaintiffs to the money in dispute. If legal principles are meant to serve the ends of justice, then surely the defendant can not be allowed to retain this fund, which clearly belongs to the plaintiffs. Ingenious counsel for defendant argues that plaintiffs can not maintain the action because, he says, there is no privity of contract between the parties. No privity of contract is required. The law will imply an obligation on defendant's part to pay over to the rightful owner the money which was paid to it by mistake. Defendant's claim against the Nebraska confectioner was not paid; it still holds its note unsatisfied. The money in question was paid to the common agent and attorney for the plaintiffs, and not for the defendant. This is conceded. The defendant, then, has in its possession this money, which in equity and good conscience ought to be given over to the plaintiffs.

It has often been announced that this action for money had and received "will lie in general whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by the ties of natural justice and equity to refund." *Winningham v. Fancher*, 52 Mo. App. 458. Or, as comprehensively stated in the books: "An action of assumpsit for money had and received is an equitable remedy, that lies in favor of one person against another when that other person has received money either from the plaintiff himself or third persons, under such circumstances that in equity and good conscience he ought not to retain the same, and which, *ex equo et bono*, belongs to the plaintiff."

There is no merit in the defense. In my opinion, the judgment of the circuit court ought to be affirmed, with ten per cent damages; and, the other judges concurring, it is so ordered.