J. R. QUARLES, Appellant, v. S. H. HALL & COMPANY, Respondents.

### Kansas City Court of Appeals, May 25, 1903.

Moneys Had and Received: AGENCY: NOTICE.    Plaintiff ordered E. to secure of defendant two carloads of potatoes, and delivered to E his check in favor of defendant.    The order for potatoes was countermanded and the defendant placed the check to E's credit on former dealings.    *Held*, defendant had plaintiff's money upon which he had no claim whatever as undisclosed principal or otherwise.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

REVERSED AND REMANDED.

*Ellison & Turpin* for appellant.

(1)    They parted with nothing when they received it, and they have parted with nothing since they received it.    If they return the money to Quarles they are out absolutely nothing; they are just where they started. If they are allowed to retain it, Quarles is out $200, for which he gets absolutely nothing.    Hall & Co. are obliged by the ties of natural justice and equity to refund this money to Quarles.    Clark v. Bank, 57 Mo. App. 285; Winningham v. Fancher, 52 Mo. App. 463; Chase v. Mercantile Co., 63 Mo. App. 482.

*Goldsby & Farrar* for respondent.

To respondent it appears clear that the judgment below was for the right party, and that there is no equity or error appealing to this court for relief, and that the judgment of the circuit court should be affirmed.

BROADDUS, J.—This is an action begun by attachment before a justice of the peace a trial of which resulted in a judgment for the plaintiff. The petition alleged: ''That on the 8th day of November, 1897, plaintiff paid to said defendant, as part purchase price of two car-loads of potatoes, the sum of $200. That said defendant, failed, neglected and refused to deliver said potatoes or any part thereof; that plaintiff had repeatedly demanded of him payment of said $200 and that said defendant, notwithstanding said demands, has failed, neglected and refused to pay the same or any part thereof to plaintiff or any one for him. That there is due plaintiff by reason thereof from said defendant $200 with interest thereon from November 8, 1897, at the rate of six per cent per annum, which plaintiff claims together with the costs of this action. Wherefore, plaintiff prays judgment,'' etc.

Defendant appealed to the circuit court where a trial resulted in judgment for defendant and an order dissolving the attachment. No plea in abatement was filed and the facts stated in the affidavit in attachment were not put in issue. The defendant did not file an answer nor any pleading of any kind. Under the attachment writ William Henry Commission Company was summoned as garnishee and it answered that they were indebted to the defendant in the sum of $108.61. The case was tried in the circuit court without a jury.

Samuel H. Hall was engaged in the produce commission business in Minneapolis, Minnesota, under the name of S. H. Hall & Company, and was engaged in buying and selling potatoes and other farm products on commission. Henry P. Ewing lives in Wyandotte county, Kansas, and had been for several years prior

to 1897, engaged in raising and growing potatoes, and during the fall of 1897 he bought and sold some potatoes in Wyandotte county. He had bought several cars of potatoes from the respondent Hall, and had conducted his business with them under the name of H. P. Ewing & Company.

November 8, 1897, Hall & Company wired Ewing: "Offer you two Dakota Ohios sixty-three delivered you advance us hundred dollars each car before shipment." Plaintiff Quarles owned a farm in Wyandotte county, Kansas, on which he raised potatoes. Ewing had worked for Quarles and they had been acquainted for some time. Quarles had told Ewing that he wanted some seed potatoes and when the latter received the foregoing offer of the two cars at 63 cents he showed the same to Quarles, who thereupon instructed Ewing to order him two cars at that price, giving Ewing a check of which the following is a copy:

"Kansas City, Kans., Nov. 8, 1897. 2636.

"The Armourdale Bank.

"Pay to S. H. Hall & Co. or order $200.

"Two hundred no-100 dollars.

"Advance of 2 cars Dak. Ohios to be shipped at once, order H. P. Ewing.

"J. R. QUARLES."

Ewing sent the check to defendant with an order for two car-loads of potatoes without disclosing the fact that he was acting as agent for plaintiff. It turned out that the order was countermanded and consequently they were never delivered.

On November 25, 1897, defendant wrote the following letter to Ewing: "Your wire came to hand in due time to cancel your order for Ohios (potatoes) and we did so. Please send us freight bill now, to balance account, and we will give you remittance to balance. We want to get everything cleaned up now, and out of the way." It seems that Ewing was indebted to defendant on other prior dealings and credited him on account

with the $200 and refused to pay the same to plaintiff on demand. There was other evidence in the case, but it is not necessary to state it in order to understand the issue involved on the appeal.

The contention of respondent is, that "if appellant had any interest in the deal in controversy it was that of an undisclosed principal," and refers to the case of Henderson v. Botts, 56 Mo. App. 141, wherein it was held: "When an undisclosed principal undertakes to enforce the contract made with an agent supposed to be the sole principal, he must take the contract subject to all the equities in the same way as if the agent were the sole principal; and if the contract gave the agent no cause of action, the principal can have none." Other cases are cited to the same effect. But this is not a case where the undisclosed principal seeks to enforce a contract made with an agent. It is a suit upon an implied contract, viz.: For money had and received. That is, the defendant has $200 of plaintiff's money, upon which he has no claim whatever. Plaintiff authorized Ewing to purchase for him two car-loads of potatoes from defendant, and sent through him $200 as an advance payment on the same. The order for the potatoes was afterwards countermanded, but the $200 was credited by defendant on Ewing's account with him on prior dealings, at which time the defendant did not know but what the money so received was that of Ewing. But because he credited Ewing with said sum on a prior indebtedness gave him no equity in the money, like he would have had, had he given Ewing credit by reason thereof. This is a clear case where one has the money of another against which he has no claim whatever, except that he has, without knowledge of plaintiff's rights, given a third person credit on his books on a prior indebtedness. The case is not different in principle from what it would have been if defendant had at all times had full knowledge of plaintiff's ownership. It could make no difference in what

manner defendant received plaintiff's money, as he has shown no right to it, and he is therefore in duty bound to return it. Clark v. Bank, 57 Mo. App. 285; Chase & Son v. Mercantile Co., 63 Mo. App. 482.

Reversed and remanded. All concur.