ISADORE MANDLE, Appellant, v. ERNEST E. HORSPOOL and PEARL HORSPOOL, His Wife, SENECA C. TAYLOR, UNION TRUST COMPANY (a Corporation), TITLE GUARANTY TRUST COMPANY (a Corporation), HENRY BELDING, and LUCINDA MILES, Respondents.

St. Louis Court of Appeals. Opinion Filed March 5, 1918.

1. MORTGAGES AND DEEDS OF TRUST: Note not Executed: Recital of Debt: Validity. Where, to secure an extension of time for a debt due, a deed of trust was executed, reciting that it was given to secure a debt purporting to be evidenced by a note, the deed of trust is valid, though the note was never executed, and the amount specified was considerably in excess of the debt for which the extension was sought, and a deed of trust reciting that a debt exists, is valid, independent of the note it purports to secure, as the amount of the debt may be established by parol.

2. ———: **Contracts: Consideration: Extension of Time: Debt of Third Person.** A promise to grant a debtor an extension of time though indefinite, if a reasonable time be given, is a promise on a consideration, and will support an agreement by third persons to secure the debt by executing a deed of trust.

Appeal from the Circuit Court of St. Louis County.— *Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED.

*Isidore Landauer* and *Henry H. Furth* for appellants.

(1) A mortgage or deed of trust is valid though the note or bond which it purports to secure has no existence, or was not delivered, provided that the debt exists. 4 Kent's Commentaries, 145; Graham v. Stevens, 34 Vt. 166; 80 Am. Digest, 675; Carnall v. Duvall, 22 Ark. 136; Lee v. Fletcher, 46 Minn. 49; Nazro v. Ware, 38 Minn. 443; Volmer v. Stagerman, 25 Minn., 234; Eacho v. Crosby, 26 Grat. 172; Hodgdon v. Shannon, 44 N. H. 572; Ogden v. Ogden, 160 Ill. 543, 54 N. E. 750; Goodhue v. Berrien, 2 Sanf. Ch. 630; McFadden v. State, 82 Ind. 558; Field v. Brokaw, 148 Ill. 654, 37 N. E. 80; Moses v. Hatfield, 27 S. C. 324, 3 S. E. 538; Smith v. Smith, 27 S. C. 166, 3 S. E. 78; Phyler v. Elliott, 19 S. C. 257; Mitchell v. Burnham, 44 Me. 286; Burger v. Hughes, 5 Hun, 180, 63 N. Y. 629; Porter v. Smith, 13 Vt. 492. (2) (a) It is not essential to the validity of the mortgage or deed of trust that the debt which it secures be correctly designated. (b) Extraneous evidence is admissible to identify the debt intended to be secured by a mortgage. (c) If the amount of the debt is less than the amount stated in the mortgage, the mortgagor is chargeable only with the amount actually owing. (d) The recitals of the instrument are sufficient evidence of the existence of the debt. Stevens v. Hampton, 46 Mo. 404; Scott v. Bailey, 23 Mo. 140; Shirras v. Craig, 7 Cranch 34; Williams v. Moniteau National Bank, 72 Mo. 292; Schierl v. Newberg, 102 Wis. 552;

Bennett v. Wright, 135 N. Y. 543; Martin v. Nixon, 92 Mo. 26; Morrison v. Knight, 130 Ga. 400, 60 S. E. 255; Trustees of Mut. Loan Assn. v. Tyre, 81 Atlantic 48; Lee v. Fletcher, supra; Eacho v. Crosby, supra; Goodhue v. Berrien, supra; Gordon v. Preston, 1 Watts 385, 26 Am. Decisions, 75; Nazro v. Ware, supra; Burger v. Hughes, supra; Perkins & Manning Co. v. Drew & Landrum's Assigner, 122 S. W. 526; Shoemaker v. Smith, 80 Iowa, 655. Harwood v. Toms, 130 Mo. 225. (3) (a) An extension of time, though without agreement and for an indefinite time, is a sufficient consideration to bind secondary obligors if a reasonable time is in fact given. Powers v. Woolfolk, 132 Mo. App. 354; Hill v. Railroad, 82 Mo. App. 188; Marks v. Bank, 8 Mo. 377; Crears v. Hunter, L. R. 19, Q. B. D. 341; Alliance Bank v. Broome, 2 Drewry & Smale, 289; Perkins v. Trinity R. Co., 61 Atlantic 167, 69 N. J. Eq. 723; First Nat. Bank v. Davis, 146 Ill. App. 462; Muir v. Greene, 100 N. Y. Sup. 722; Fairbanks, Morse & Co. v. Baskett, 98 Mo. App. 53, 65; In re All Star Feature Co. ex parte Willot Film Co., 232 Fed. 1004. (b) Detriment to the mortgagee is a sufficient consideration for the mortgage. Hill v. Railroad, supra. (c) It is enough if there was any consideration. First Nat. Bank v. Keller, 111 N. Y. Sup. 729, 127 App. Div. 435. (4) One who purchases expressly subject to an encumbrance acquires only the equity of redemption of the grantor. Landau v. Cottrill, 159 Mo. 308; Walker v. Goodsell, 54 Mo. App. 635; Young v. Evans-Snyder-Buel Com. Co., 158 Mo. 395.

*Sam D. Hodgdon* and *S. C. Taylor* for respondent.

BECKER, J.—This is an appeal from a judgment on demurrer, dismissing plaintiff's petition on the ground that it states no cause of action.

Plaintiff's second amended petition alleges that on March 1, 1912, the Star Tile & Mantel Company, a corporation, was indebted to plaintiff's assignor, on open account, in the sum of $1317.16, which was then due

and payable. That defendants, Ernest E. and Pearl Horspool, about April 26, 1912, in consideration of an extension of time for the payment of said indebtedness, which was agreed to be granted by plaintiff's assignor to the debtor, promised and agreed to and with plaintiff's assignor to execute and deliver to the latter a deed of trust on certain real estate in St. Louis County, Missouri, described in the petition, as security for the payment of said indebtedness.

That in pursuance of said promise, the defendants, Horspool, executed and delivered to plaintiff's assignor a deed of trust on said real estate delivered in fact as security for the indebtedness of said Star Tile & Mantel Company, but reciting on its face that it was given to secure a debt of $3000, purporting to be evidenced by a principal note of defendants, Horspool, for $3000, due in three years, and six semi-annual interest notes for the interest to accrue for said period, which said deed of trust was duly recorded in the office of the Recorder of Deeds for St. Louis County, Missouri, in Book 295, at page 239.

That in consideration of the premises, plaintiff's assignor extended the time for the payment of said indebtedness for more than six months. That in the meantime the Star Tile & Mantel Company made various payments to plaintiff's assignor, amounting to $220.78.

That on October 29, 1912, the Star Tile & Mantel Company was adjudged a bankrupt, and plaintiff's assignor presented his claim and received dividends thereon, amounting to $190.25. That the balance due and unpaid, after crediting all payments of dividends, is $906.13.

That although the deed of trust was duly executed and delivered to plaintiff's assignor, yet the notes described in the deed of trust, and which it purported to secure, were not delivered to plaintiff's assignor, and defendants, Horspool, have since refused to deliver said notes.

That after the execution of the deed of trust, defendants, Horspool, conveyed the property to defend-

ant, Miles, by a deed expressly providing that the conveyance was subject to the deed of trust in suit.

That before the institution of this suit the plaintiff acquired by assignment the interest of his assignor in the debt and cause of action. The interests of the defendants other than Horspool and Miles are those of lienors of the property.

The petition prays for the foreclosure of the deed of trust. Each of the defendants filed a demurrer to the said second amended petition of plaintiff, the grounds for such demurrers being identical, namely that the said petition does not state facts sufficient to constitute a cause of action. The demurrers were sustained, and, plaintiff refusing to plead further, the trial court rendered final judgment in said cause, dismissing plaintiff's bill. Whereupon plaintiff brings this appeal.

Defendants below, respondents here, have not filed any briefs in the case and as the learned trial judge did not hand down any memorandum stating the specific defects in the petition for which he held the petition demurrable, we have nothing before us to point out wherein the said petition is held to fall short of stating a cause of action.

After a careful reading of the petition we believe the controlling question in the case is whether the petition on its face shows a valid security, in view of the fact that it appears therein that the notes described in the deed of trust in question, and which notes the deed of trust recites it is executed to secure, were never in fact delivered to plaintiff's assignor, mortgagee in said deed of trust.

While we have not found a case in our State in which this point has been directly decided, it has been held that it is not required that a mortgage shall set forth a literal copy of the instrument secured thereby, but that it is sufficient to describe it according to its legal effect. That if it is stated in the conditions of the mortgage "that the grantor was indebted to the grantee for money loaned and his liability on diverse bills of exchange and promissory notes, and it provided

that if he discharged them in six months the deed should be void," it was a sufficient description of the debts *since it was capable of being made certain by parol evidence.* [Aull v. Lee et al., 61 Mo. 1. c. 165, and cases cited. See, also, Williams v. Bank, 72 Mo. 1. c. 295.] And in Stevens v. Hampton et al., 46 Mo. 1. c. 410, a second trust deed, being the one under which defendant purchased, which purported to be given to secure a promissory note due the beneficiary, whereas the evidence showed that it was given to indemnify him as security upon a note to a third person, and the proceeds of the sale were applied in the payment of such note, yet such mortgage was held valid on the ground that courts uniformly sustain bona-fide mortgages notwithstanding the debt may have been incorrectly set out in the conditions; and parol evidence held admissible to explain the consideration.

We are of the opinion, and so hold, that no other written evidence of a debt than that furnished by the instrument itself is necessary to sustain a mortgage. [19 R. C. L., 295; 4 Kent's Commentaries, 1, 145; Jones, Mortgages, sec. 353; Graham v. Stevens, 34 Vt. 167; Lee v. Fletcher, 46 Minn. 49.]

We hold the deed of trust as alleged is valid even without any note or bond, although it purports to secure a note and substantially describes it, and this for the reason that the deed of trust recites that a debt in fact exists independently of the note. If it is made to appear that a debt does exist it is not essential that there should be any evidence of it beyond that furnished by the recitals in the deed. "The true state of the indebtedness need not be disclosed by the instrument itself, but, in cases free from fraud, may be shown by parol. In such cases the validity of the mortgage is not affected by the fact that it was given for a larger sum than that actually due, or that its condition misrepresents the obligation or liability in fact secured or intended to be secured." [Lee v. Fletcher, supra; Nazro v. Ware, 38 Minn. 443; Field v. Brokow, 148

Ill. 654; Graham v. Stevens, supra; Hogdon v. Shannon, 44 N. H. 572.]

As to consideration, "a promise of forbearance though for an indefinite time, if a reasonable time be given, is a promise on a consideration and binds secondary or additional obligors." [Powers v. Woolfolk, 132 Mo. App. 354, 1. c. 360, 111 S. W. 1187, and cases there cited.] And therefore plaintiff's petition is sufficient in this respect.

We have carefully examined plaintiff's second amended petition and find that it states a cause of action. The judgment of the trial court herein is accordingly reversed and the cause remanded. *Reynold, P. J.,* and *Allen, J.,* concur.