Turner M. LIVELY, Jr., et al., Plaintiffs-Respondents,

v.

RIDGEWOOD CONSTRUCTION CORPORATION, Defendant,

Charles Humfeld, and General Title Service Corporation, Defendants-Appellants.

Nos. 31284, 31294.

St. Louis Court of Appeals.

Missouri.

Oct. 15, 1963.

Ziercher, Tzinberg, Human & Michenfelder, Robert C. Jones, Clayton, for defendants-appellants.

Sheldon D. Grand, Clayton, for defendant.

Tralles Hoffmeister & Gilpin, David K. Breed, St. Louis, for plaintiffs-respondents.

DOERNER, Commissioner.

■ This case originated in a Magistrate Court of St. Louis County by the filing of a petition in which it was alleged that on September 15, 1960, plaintiffs paid to the defendant General Title Service Corporation the sum of $440, in escrow, "to purchase from defendant Ridgewood Construction Corporation through Humfeld Realty Corporation as agents, certain real estate known as lot 12 in Assumption Subdivision * * *." It was further alleged that the house had never been completed or built, and that plaintiffs were entitled to have their earnest money refunded out of escrow. In some manner not shown by the transcript the cause reached the Circuit Court of Jefferson County. Defendants Ridgewood and Humfeld did not appear at the trial. Defendant General Title appeared and defended. The case was tried before the court without a jury. Judgment was rendered in favor of plaintiffs and against all defendants in the sum of $440, interest having been waived by plaintiffs. Defendant Ridgewood Construction Corporation did not appeal. Defendant General Title Service Corporation filed a notice of appeal, and perfected its appeal, Case No. 31,284. One Charles Humfeld, an individual, filed a notice of appeal, but did not file either a transcript or a brief. His appeal, Case No. 31,294, should be dismissed for failure to comply with Civil Rule 83.06, V.A.M.R.; Dye v. Geier, Mo., 345 S.W.2d 83; Anderson v. Kuhs, Mo.App., 213 S.W. 2d 238; White v. Kuhnert, Mo.App., 207 S.W.2d 839; Civil Rule 83.09, V.A.M.R.

■ Since this is a jury-waived case we review the record de novo upon both the law and the evidence, as in suits of an equitable nature, and may make our own findings of fact; but the judgment will not be set aside unless clearly erroneous and due regard will be given to the opportunity of the trial court to judge the credibility of the witnesses. Civil Rule 73.01(d), V.A. M.R.; Hedgpeth v. Maddux, Mo., 366 S.W. 2d 314; Townsley v. Thielecke, Mo., 349 S.W.2d 902.

The evidence showed that on or about August 28, 1960, plaintiffs entered into a written contract with defendant Ridgewood Construction. The contract is not before us, but we gather from the testimony that plaintiffs thereby agreed to purchase from defendant Ridgewood lot No. 12 in Assumption Subdivision, on which Ridgewood was to build a house. The purchase price was to be $16,750. Subsequently, on September 10, 1960, plaintiffs and Ridgewood Construction, through its sales manager, one

Fred Maetten, entered into a supplemental contract whereby it was agreed that Ridgewood would not perform some of the work of finishing the house, such as painting, but would deliver the materials to plaintiffs to do the work. Ridgewood also agreed that it would allow plaintiffs the sum of $1700 as additional earnest money on the purchase money contract because of the work plaintiffs were to perform. The supplemental contract further provided that plaintiffs would take possession of the house on November 1, 1960, were to complete their work expeditiously, and were to pay Ridgewood $75 a month beginning December 15, 1960, until plaintiffs' work was finished and their permanent loan was obtained. Plaintiff Turner M. Lively, Jr. testified the supplemental agreement was made in order to reduce his payments.

Lively testified that at the time he signed the supplemental contract he gave Maetten a check for $440, "as a down payment put in escrow with General Service Title Corporation." The check was identified and introduced. It is payable to General Title Corporation, is for $440, bears the date of September 15, 1960, and is endorsed on the back, "General Title Service Corp., Construction Escrow Account." Lively stated that the house was to be constructed by Ridgewood by November 15; that when it was not completed to the point where he should have it he repeatedly called Ridgewood, but received only evasive promises; that at the time of trial, almost a year and a half after the agreed date of possession, it was still not completed or possession given; and that he never could find out why he did not get the house. He made a demand on General Title as escrow agent for the return of his money, but it was not returned. On cross-examination Lively stated Maetten told him the $440 would be turned over to General Title and the money placed in escrow until the house was completed. He admitted that he had not had any conversation with anyone from General Title, that it had not signed his contract with Ridgewood, and that he had not entered into any written contract with General Title.

Defendant General Title's only witness was its comptroller, Earl J. Hearld. The substance of his testimony was that General Title, Ridgewood, and South Side National Bank entered into an agreement dated October 20, 1960, whereby South Side National Bank was to loan Ridgewood $11,700 towards the construction of the house to be built for plaintiff. The money was to be deposited with General Title as escrow agent, to be paid out by it to contractors and subcontractors performing work, upon receipt of vouchers issued by Ridgewood. Ridgewood's prospective profit on the house was $3,765, the construction and other costs were estimated to be $13,054, and the agreement therefore provided that Ridgewood was required to deposit with General Title the builders' equity of $1,354. General Title and Ridgewood, according to Hearld, on the same date entered into a "security agreement" in which Ridgewood agreed that it would construct the home according to the plans and specifications, and if it did not, General Title was privileged to complete the building free and clear of all liens. Hearld stated that South Side deposited with General Title the $11,700 loaned to Ridgewood, but that the only deposit made by Ridgewood was $440, paid in on September 21, 1960; that the escrow fund was kept in a separate construction account at St. John's Community Bank; that General Title paid out on vouchers the total deposited with it, and additional sums in order to complete the house free of all liens; and that the house was finally completed and was owned by Ridgewood at the time of the trial. Hearld stated that he was not with General Title when Ridgewood brought in plaintiffs' check for $440, and that all he knew about the payment was from the records, which showed that the proceeds were credited to the Ridgewood building account.

General Title contends that it is not liable to plaintiffs for three reasons: first,

because there was no privity of contract between plaintiffs and it; second, because neither Ridgewood nor Ridgewood's sales-manager, Maetten, was its agent, and it is not bound by what Maetten told plaintiffs; and third, because plaintiffs did not perform their part of the contract with Ridgewood. We consider these points in the order named. The extent of the assistance we received from plaintiffs may be accurately judged from this quotation from plaintiffs' brief: "We are not citing any cases because the law is well settled. * * *"

 We regard this action as one for money had and received. Such a cause has always been favored in the law, and the tendency is to widen its scope. Webster v. Sterling Finance Co., 351 Mo. 754, 173 S.W. 2d 928; Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 94 S.W. 527. The action lies where the defendant has received or obtained money or its equivalent from or for the plaintiff under such circumstances that in equity and good conscience he ought to pay it over to the plaintiff. Brink v. Kansas City, 355 Mo. 860, 198 S.W.2d 710; Webster v. Sterling Finance Co., supra. Privity of contract is not required in an action of that nature, for the law implies the privity. In re De Gheest's Estate, 360 Mo. 1002, 232 S.W.2d 378; Clifford Banking Co. v. Donovan Commission Co., supra. Thus the action may be maintained even though the money to which the plaintiff is entitled was paid to the defendant by a third party. Webster v. Sterling Finance Co., supra. There is no merit in defendants' first contention.

 The crux of this case is whether defendant General Title received money from the plaintiffs under such circumstances that in equity and good conscience it ought to repay it. There is no dispute about the fact that General Title received plaintiffs' check for $440, payable to it, and that it obtained the proceeds thereof. Where the parties differ is on the circumstances under which the money was obtained. General Title argues that Maetten "evidently" requested plaintiffs to make the check payable directly to it because "* * * We can only assume that Ridgewood did not want to run this check through its account * * *." Such speculation ignores and is contrary to the evidence. Plaintiffs' evidence, developed in part on cross-examination, was that the check was made payable to General Title on the strength of Maetten's promise and agreement that the money would be held in escrow by General Title until the house was completed. Defendant argues that neither Ridgewood nor Maetten was its agent. The same argument was made in Newco Land Co. v. Martin, 358 Mo. 99, 213 S.W.2d 504. In that case one Torrence was the assistant treasurer of plaintiff Newco, and as such had authority to sign checks of Newco when countersigned by its president. Torrence also maintained the books of a Bondholders' Committee. Unknown to any of the interested parties, Torrence had withdrawn $16,882.63 from a bank account of the Committee. The Committee was directed to pay $36,763.76 to the Clerk of the United States District Court. Because of Torrence's peculations, there was only $30,350.57 in the Committee's bank account. In order that the check to the Clerk would clear, Torrence drew a check on Newco's account for $7,000, payable to the Committee. He then forged the countersignature of Newco's president, forged the Committee's endorsement, and deposited the check in the Committee's account. On the issue of agency the Supreme Court said (213 S.W. 2d 510):

"In this litigation the Committee seeks to have the transaction stand as consummated by Torrence and retain the benefits resulting therefrom. As a general rule one who, with knowledge of the material facts, retains the benefits of a transaction consummated by another ratifies the acts of the other in connection therewith and assumes the burdens and liabilities of such acts. This applies when an agent exceeds his

authority and particularly in instances where the principal claims the person consummating the transaction was not his agent; that is, was a volunteer or self-constituted agent. The principal by availing himself of the acts and retaining the benefits becomes bound and concluded by the transaction as though the acts had been performed by an agent pursuant to express authority and subject to the acts to his disadvantage. State ex inf. [McKittrick] v. Koon, [356] Mo. [284] Sup., 201 S.W. 2d 446, 455(15, 16); Fritsch v. National City Bk., Mo.App., 24 S.W.2d 1066, 1067(1, 2); Meechem on Agency, 2d Ed., §§ 408, 410, 483; 2 Am.Jur. 177, §§ 223, 226, 227; 2 C.J.S., Agency, page 1097, § 49."

And further (213 S.W.2d 511):

"There is this additional in the instant case: The effect of the Committee retaining the benefits of Torrence's act constitutes him their agent in the transaction as though he acted with express authority. * * *"

Regardless of what Ridgewood may have told General Title when it delivered plaintiffs' check (and on that score there is no direct evidence), when plaintiffs demanded the return of their money from General Title the latter was then put on notice of Maetten's agreement with plaintiffs that their money would be held in escrow by General Title. Defendant here, as in the Newco case, had obtained the benefit of plaintiffs' money, for it would otherwise have been required to pay out an additional $440 of its own money in order to complete the house. With knowledge of those facts, General Title nevertheless retained and refused to return plaintiffs' money to them, and by so doing it became bound and concluded by the agreement Maetten made with plaintiffs as fully as though the agreement had been made by him as an agent with express authority. Newco Land Co. v. Martin, supra; Quarles v. S. H. Hall & Co., 100 Mo.App. 523, 74 S.W. 883.

■ As stated, General Title's final point is that the evidence failed to show that plaintiffs had made a tender of full performance of their contract with Ridgewood. Defendant cites Cory v. Conqueror Trust Co., Mo.App., 86 S.W.2d 611 and Doerner v. St. Louis Crematory & Mausoleum Co., Mo.App., 80 S.W.2d 721. In both of those cases there was an obligation on the part of the plaintiffs to perform an act, which they failed to do before bringing suit. Here, plaintiffs were under no obligation to Ridgewood to pay any additional earnest money, to pay any rent, or to do anything else until Ridgewood completed the house to the agreed state and delivered possession to plaintiffs, which Ridgewood had contracted to do by November 1, 1960. Lively testified that when the house was not completed or turned over to him he repeatedly called Ridgewood, but received nothing but promises; and that at the time of trial, well over a year after the agreed delivery date, the house still had not been completed or possession delivered. If a tender of performance was required, and we do not think it was, this evidence is sufficient from which the inference may be drawn that plaintiffs were endeavoring to carry out their part of the bargain.

In brief, the evidence showed that General Title received $440 from plaintiffs to be held in escrow pending the completion of the house by a day certain; that the appointed day has long since past, without delivery of the house; that repayment of the funds in escrow was demanded of General Title; and that it refused to pay. After a careful review of the record de novo, and with due deference to the opportunity of the trial court to judge the credibility of the witnesses, we think the judgment should be affirmed. Edwards v. Durham, Mo., 346 S.W.2d 90; Newco Land Co. v. Martin, 358 Mo. 99, 213 S.W.2d 504; In re De Gheest's Estate, 360 Mo. 1002, 232 S.W.2d 378; Webster v. Sterling Finance Co., 351 Mo. 754, 173 S.W.2d 928. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.