Mike I. BRANDKAMP d/b/a Brandkamp Woodworking Company, Plaintiff-Appellant,

v.

Wayne B. CHAPIN, Defendant-Respondent.

No. 9065.

Springfield Court of Appeals, Missouri.

Nov. 11, 1971.

Moore, Pettit & Meyer, Aurora, for plaintiff-appellant.

No appearance for defendant-respondent.

STONE, Judge.

Plaintiff Mike I. Brandkamp appeals from a judgment of the Circuit Court of Lawrence County dismissing on the ground of res judicata his petition in which he sought a recovery from defendant Wayne B. Chapin in the sum of $365 for money had and received.

Defendant's plea of res judicata was predicated upon the judgment of the Magistrate Court of Lawrence County in a prior court-tried action between the same parties which terminated in entry of judgment for plaintiff in the sum of $1,325.45 on *December 30, 1969,* and subsequent payment and satisfaction thereof by defendant. The record before us does not permit a confident determination of the precise theory on which that prior action, in which neither party had counsel, was instituted and tried. The certified copy of the trial proceedings in the prior action simply showed entry of judgment in "the sum of $1,325.45 due on account." At the hearing in this case, Hon. Max Hall, the Magistrate before whom the prior action had been tried, testified that it was "for work, labor and materials furnished on a particular job on [defendant's] house"; that plaintiff "filed no formal petition, but he filed an itemized statement of account [not in evidence here] for labor and materials for the job"; and that defendant's "counterclaim was verbal." In a rejected offer of proof, *plaintiff's* counsel stated that Judge Hall would testify the prior action "was heard on a quantum meruit basis."

But in *defendant's* pretrial request for admissions in the instant case, the prior action was characterized as one "for money due on a construction contract." However, in determination of this appeal suffice it to say, as we do with assurance, that the prior action was *not* one for money had and received.

At the hearing in the instant case, plaintiff's attorney elicited from Judge Hall testimony that "one of the issues involved" in the prior action was "as to who was to pay for a *certain door * * * manufactured* by the Pittsburg Plate Glass Company * * * and installed by the plaintiff." But objections interposed by defendant's attorney and sustained by the trial court foreclosed plaintiff's effort to show further, as he offered to do, that Judge Hall had "found that defendant Chapin was to pay for this door" and, further finding "that defendant had paid Pittsburg Plate Glass Company for this particular door, this amount was allowed on the counterclaim."

The case at bar was instituted on April 15, 1970, by the filing of plaintiff's petition in which he averred, *inter alia,* that "plaintiff installed a certain door manufactured by Pittsburgh Plate Glass Company costing approximately $365 for which plaintiff was entitled to payment"; that "both plaintiff and defendant paid Pittsburgh Plate Glass Company the sum of $365 for said door"; that "*on or about the 12th day of January, 1970* Pittsburgh Plate Glass Company erroneously sent the sum of $365 to defendant's agent, First Savings and Loan Association, instead of sending said sum to plaintiff"; that "defendant has since, although due demand for payment has been made, refused to deliver said sum to plaintiff"; and that "it is inequitable and unjust for defendant to retain the sum so received" and "plaintiff has [been] damaged thereby in the sum of $365," for which he prayed judgment.

■ The action for money had and received has always been favored in the

law, and the tendency is to broaden its scope. Webster v. Sterling Finance Co., 351 Mo. 754, 757, 173 S.W.2d 928, 931(5); Nodaway County v. Kidder, 344 Mo. 795, 803, 129 S.W.2d 857, 861(13). As "'a sort of connecting link between law and equity'" [Montgomery v. Wise, 138 Mo.App. 176, 187, 120 S.W. 100, 103], it is a flexible form of action, levying tribute on equitable, as well as strictly legal, doctrines. In re DeGheest's Estate, 360 Mo. 1002, 1008, 232 S.W.2d 378, 382. The action lies where the defendant has received or obtained money or its equivalent either from or for the plaintiff under such circumstances that in equity and good conscience, ex aequo et bono, he ought to pay it over to plaintiff. Brink v. Kansas City, 355 Mo. 860, 872, 198 S.W.2d 710, 716(6); Newco Land Co. v. Martin, 358 Mo. 99, 109, 213 S.W.2d 504, 510(4); Hilderbrand v. Anderson, Mo.App., 270 S.W.2d 406, 408(1), and cases cited in note 3. It is not necessary that an express promise to pay or privity of contract be pleaded or shown, for the law implies both. In re DeGheest's Estate, supra, 360 Mo. at 1008, 232 S.W.2d at 382(10); Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262, 289, 94 S.W. 527, 535–536(12); Richardson v. Moffit-West Drug Co., 92 Mo.App. 515, 533–534, 69 S.W. 398, 404(5). Hence, the action may be maintained even though the money to which plaintiff is entitled may have been paid by a third party to defendant or his agent. Lively v. Ridgewood Construction Co., Mo.App., 371 S.W.2d 658, 661(6). We have no doubt but that plaintiff's petition in the instant case, liberally but fairly construed, stated a cause of action for money had and received.

■ This brings us to the determinative issue as to whether or not the doctrine of res judicata interdicted maintenance of this suit. "A former adjudication on the same cause of action between the same parties is conclusive in the second proceeding as to every issue of fact which was or might have been litigated in the first, under what is called estoppel by judgment.

A judgment between the same parties on a different cause of action is binding as to the facts actually decided, and necessarily determined in rendering the judgment, under what is called estoppel by verdict." Abeles v. Wurdack, Mo., 285 S.W.2d 544, 546(1, 2); Reis v. LaPresto, Mo., 324 S.W.2d 648, 652–653(2). See Smith v. Preis, Mo., 396 S.W.2d 636, 640(4, 6). Since the cause of action in the case at bar is one for money had and received and, whatever the precise theory of the prior action may have been, it was *not* for money had and received, the judgment in that action is res judicata here only "as to those questions, points or matters of fact in issue which were essential to a decision in that case, and upon the determination of which the judgment was entered, but not to other issues." Abeles v. Wurdack, supra, 285 S.W.2d at 547(3); Peters v. Platte Pipe Line Co., Mo., 305 S.W.2d 413, 417; Fisher v. Cox, Mo., 312 S.W.2d 775, 781. See Restatement, Judgments § 68(2), p. 293.

 The essence of plaintiff's complaint in the case before us is that *"on or about the 12th day of January, 1970"* Pittsburgh Plate Glass Company erroneously refunded and paid $365 to defendant's agent which should have been paid to plaintiff, and that defendant has refused to pay over that sum. Hence, it appears that plaintiff's cause of action in this case was not in existence on *December 30, 1969,* when the prior action was tried and judgment was rendered therein, but arose by reason of subsequent acts. Therefore, the judgment in the prior action did not operate as res judicata or as an estoppel of the instant claim and cause of action. Fisher v. Cox, supra, 312 S.W.2d at 781(3); 46 Am.Jur. 2d Judgments § 408, p. 576; 50 C.J.S. Judgments § 650, p. 92. See State ex rel. Ward v. Stubbs, Mo. (banc), 374 S.W.2d 40, 47(6).

Furthermore, if there were any doubt about that, the extrinsic evidence offered by plaintiff at the hearing in this case but excluded by the court should have been admitted to show what matters were, in fact, litigated and determined in the prior action in the magistrate court, since that was not ascertainable from pleadings [Abeles v. Wurdack, supra, 285 S.W.2d at 547(5); Peters v. Platte Pipe Line Co., supra, 305 S.W.2d at 415(2); Restatement, Judgments § 68, Comment k, pp. 305–306; 50 C.J.S. Judgments § 843b(2), p. 415], none having been required or filed in that court. V.A.M.S. § 517.050.

The judgment of dismissal is set aside and the cause is remanded for further proceedings not inconsistent with the views here expressed.

TITUS, P. J., and HOGAN, J., concur.