Lucy E. RYAN, Plaintiff-Appellant,

v.

Jarrity I. TINKER, Defendant,

and

James R. Burns, and Citizens Bank of Newburg, A Corporation, Defendants-Respondents.

No. 15067.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 22, 1988.

Ronald J. Fuller, Rolla, for plaintiff-appellant.

Wm. C. Morgan, Waynesville, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff brought this action for money had and received requesting judgment for $7,000. Following nonjury trial judgment

for that amount was entered in plaintiff's favor against defendant Jarrity I. Tinker and against plaintiff on her claim against defendants James R. Burns and Citizens Bank of Newburg. Plaintiff appeals contending that the trial court erred in not entering judgment against defendants Burns and Citizens Bank of Newburg. Plaintiff's two points relied on are more specifically set forth later.

■ The trial court made extensive findings of fact and grounds for decision. See Rule 73.01(a)(2). The findings of fact are attacked only as being against the weight of the evidence. It is not disputed that there was evidence to support those findings. The case turned upon whether the version of plaintiff or the version of James R. Burns was the most credible. Credibility of the witnesses is generally a question for the trial court. *Estate of Helmich v. O'Toole*, 731 S.W.2d 474, 475 (Mo.App. 1987). This court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and only when we have "a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Upon reviewing the record we have no firm belief that the trial court's findings of fact were erroneous. Therefore we decide this appeal based on the facts as found by the trial court, and deny plaintiff's first point which contends that those findings were against the weight of the evidence. Plaintiff's first point relied on is set forth below.[1] The findings of fact are as follows:

Jarrity I. Tinker was the owner of real estate in Jerome, Missouri, including a part of Blocks 47 and 48 in the Town of Jerome and including additional land, all

---

1. I. The trial court erred in finding the issues in favor of defendants, James R. Burns and Citizens Bank of Newburg, and ordering that plaintiff recover nothing from said defendants, for the reason that such finding and judgment is against the weight of the evidence, in that the evidence established that defendant James R. Burns, for and in behalf of defendant Citizens Bank of Newburg, did deceive plaintiff by inducing plaintiff to pay to him $7,000.00 with the representation that certain real property would be released from a deed of trust by said defendant bank and conveyed to plaintiff; and such payment by plaintiff from such inducement so made, did enable defendants James R. Burns and Citizens Bank of Newburg to obtain and retain possession of monies from plaintiff which in equity and good conscience should be paid over to plaintiff.

of which was subject to a deed of trust given by her to secure a loan made by her to Defendant, Citizens Bank of Newburg. Because of default in the payments due to it on the said loan, Citizens Bank of Newburg caused proceedings to be commenced for foreclosure of its deed of trust, with the sale scheduled for 1:00 P.M. on April 23, 1984.

On the morning of April 23, 1984, Lucy E. Ryan met James R. Burns, officer of the Bank, and Jarrity I. Tinker, at the Bank, with the intention of providing assistance to one Bill Fussner in his attempts to purchase the Tinker property. This assistance was to take the form of payment by Lucy Ryan of the sum of $5,000.00 to cause the Bank to stop the foreclosure sale. Upon payment of this sum of $5,000.00 the Bank did stop the foreclosure sale. The sum of $5,000.00 was applied to the debt of Jarrity Tinker and a receipt showing this fact was given on that day to Lucy Ryan. At no time did James Burns represent that the Bank would release its lien on any part of the land for payment of the sum of $5,000.00.

On May 15, 1984, Lucy Ryan issued her personal check in the sum of $2,000.00 payable to Jarrity I. Tinker, J. Burns and Citizens Bank of Newburg. This sum was paid to keep the Bank from commencing foreclosure of its deed of trust and the Bank did not start foreclosure. This $2,000.00 check was endorsed by all payees and was applied by the Bank toward the Tinker debt.

The Bank never did release its lien on any part of the real estate and it never had agreed or intended to do so. Jarrity Tinker never executed any conveyance of any part of the real estate to Lucy Ryan. Because of continued default on the part of Jarrity Tinker, the Bank demanded that she convey the real estate to the Bank or a foreclosure of the deed of trust would be commenced. A part of the real estate was conveyed to the Bank by Jarrity Tinker in September, 1985 and the remainder of the real estate was conveyed to the Bank by Jarrity Tinker in June, 1986, in lieu of foreclosure.

By letter dated February 26, 1985 counsel for Lucy E. Ryan made demand upon Jarrity Tinker (but not upon any other defendant) for a deed or return of the $7,000.00. By letter dated October 24, 1985 counsel for Lucy E. Ryan made demand upon all three defendants for return of the $7,000.00 to Lucy E. Ryan, but no payment was made to her by any defendant.

James R. Burns did not personally receive any part of the funds in question and his participation in this matter was limited to acting on behalf of his employer, Citizens Bank of Newburg. Citizens Bank of Newburg was the ultimate recipient of the sum of $7,000.00 but it was not unjustly enriched by this payment since the money was received and used by the Bank as a payment toward the debt due to it from Jarrity Tinker.

Plaintiff contends in her second point relied on that the court incorrectly applied the law when it found that the bank was not unjustly enriched by receiving the $7,000.00. Plaintiff contends that this was erroneous because she "received no benefit of such funds so paid to defendant bank and there was no consideration to plaintiff for these funds obtained from plaintiff by defendant Citizens Bank of Newburg by means of the deception and inducements of said bank's agent, defendant James R. Burns."

■ An action for money had and received lies where the defendant has received or obtained money or its equivalent from or for the plaintiff under circumstances that in equity and in good conscience call for him to pay it to plaintiff. *Brandkamp v. Chapin*, 473 S.W.2d 786, 788 (Mo.App. 1971); *Lively v. Ridgewood Construction Corp.*, 371 S.W.2d 658, 661 (Mo.App.1963).

As Burns denied any deception or improper inducements and the trial court apparently believed him, we reject that portion of plaintiff's point claiming that he deceived or improperly induced plaintiff to pay the $7,000 to the bank. The trial court found that plaintiff, Burns and the bank intended, that the bank receive and apply

to defendant Tinker's debt, $5,000 for cancelling the foreclosure and $2,000 for not reinstituting it. It is not disputed that the bank had a right to foreclose. Not doing so was consideration. See *Kahn v. Waldman*, 283 Mass. 391, 186 N.E. 587, 588 (1933); *Butson v. Misz*, 81 Or. 607, 160 P. 530, 531 (1916). See also *Matter of Merrick*, 44 B.R. 967, 969 (Bankr.S.D.Ohio 1984) (additional loan and forbearance from foreclosure sufficient consideration).

The bank could have conducted the foreclosure as originally contemplated. It did not do so and delayed taking any action for a considerable period of time. Forbearance to take action to collect a note although for an indefinite time, if a reasonable time be given, may be valid consideration. *Powers v. Woolfolk*, 132 Mo.App. 354, 111 S.W. 1187, 1189 (1908). See also *Mandle v. Horspool*, 198 Mo.App. 649, 201 S.W. 638, 639 (1918) (forbearance to collect open account for an indefinite time was valid consideration for deed of trust). Having cancelled the foreclosure sale on the date stated, publication would have had to be recommenced which would have resulted in a considerable delay even if commenced the next day.

The bank delayed foreclosure from April 23, 1984 until a part of the real estate was conveyed to it in September of 1985 and until the remainder of the real estate was conveyed to it in June of 1986. Under these circumstances there was consideration for the money received from plaintiff. Ordinarily this would preclude her recovery on the theory of money had and received. In order to sustain an action for money had and received there must be no consideration for the money or the consideration must have failed. *Forsthove v. Hardware Dealers Mutual Fire Insurance Co.*, 416 S.W.2d 208, 220–221 (Mo.App.1967).

Plaintiff also contends, however, that she "has received nothing for her money—that there has been a complete failure of consideration." An action for money had and received will lie to recover money paid for a consideration which has wholly failed unless the failure of consideration is caused by the plaintiff. *Propst v. Sheppard*, 174 S.W.2d 359, 363 (Mo.App.1943) See also *Forsthove v. Hardware Dealers*

*Mutual Fire Insurance Co.*, supra, 416 S.W.2d at 221.

Failure of consideration implies that a consideration, once existing and sufficient, had become worthless or ceased to exist; it is thus distinguished from lack of consideration. *Ennis v. McLaggan*, 608 S.W.2d 557, 561 (Mo.App.1980). As plaintiff asserts, she never received anything ultimately benefiting her from the bank, but on the facts found by the trial court she was not to receive anything from the bank except the delay she sought. She was to receive either her money back or a portion of the property from defendant Tinker. She now has a judgment, perhaps of dubious value, from that defendant.

There was consideration for the money paid as the bank delayed for a considerable time doing something it had a right to do. The consideration did not fail as plaintiff got what she bargained for, delay in foreclosing on the property. Under the circumstances here it was not unjust for plaintiff not to receive back the money paid.

The judgment is affirmed.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., not participating.