JULIA DILLON BENNETT, formerly Julia Dillon, as Executrix of the Estate of J. T. Dillon, deceased; JULIA DILLON BENNETT, individually, and M. G. BENNETT, her husband, and ROSA DILLON, a widow, *Appellants,* vs. FRANK J. SENN, *Appellee.*

144 So. 840.

En Banc.

Opinion filed August 9, 1932.

Opinion on rehearing filed November 4, 1932.

G. P. *Garrett*, Attorney for Appellants;
*Huffaker & Edwards*, Attorneys for Appellee.

DAVIS, Commissioner.—The appellee, whom we will refer to as complainant, filed his bill in the Circuit Court of Polk County for the foreclosure of a real estate mortgage executed by the appellants, whom we will refer to as defendants. The mortgage by Julia Dillon, unmarried, individually, and as Executrix of the Estate of J. T. Dillon, deceased, and Rosa Dillon, widow of J. T. Dillon, deceased, was given on March 12, 1928, for the purpose of securing the payment of a promissory note in the sum of $6500.00 made by one J. T. Dillon and the said Rosa Dillon on the 5th day of November, 1925, and payable to complainant, or order, eighteen months after date.

It is alleged in the bill that the maturity of the said note was extended by agreement of complainant until December 30, 1930, and that the mortgagors covenanted and agreed to pay said note. The mortgage, a copy of which was attached to and made a part of the bill, contained the following agreement: "the time of payment of the balance due on the principal of said note is hereby extended to March 12th, 1929" and the mortgagors covenanted and agreed in and by said mortgage, "To pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this mortgage deed, or either, promptly on the days respectively the same shall severally become due." A

joint and several answer was filed by the said defendants, but this answer was demurred to and the demurrer was sustained with leave to plead further as advised within fifteen days from the making of the order. Upon their failure to file other pleadings in pursuance of the terms of said order, the Court entered a decree pro confesso against the said defendants, and the cause proceeded *ex parte* to a final decree. Upon the coming in of the Special Master's report of sale and an application for confirmation of the same, the Court took testimony of certain witnesses as to the value of the property involved in the litigation. At the conclusion of the testimony, defendants by their solicitor, stated that they had ''no objection to the foreclosure sale, or a confirmation of such sale,'' but they objected to the entry of a deficiency judgment in the cause. The Court thereupon decreed that the said report be confirmed and that complainants ''have and recover of and from the defendants, Julia Dillon Bennett, formerly Julia Dillon, and Rosa Dillon, a widow, the sum of Three Thousand ($3,000.00) with interest thereon,'' from the date of the decree and that complainant have execution therefor. From this last decree the defendants entered their appeal to this Court, and have assigned as error the sustaining of the demurrer to the answer filed by the defendants and the entry of a deficiency decree against the said defendants Rosa Dillon and Julia Dillon Bennett.

The assignment of error directed at the ruling of the Court on the demurrer to the answer of defendants, has not been argued here by the appellants, and will, therefore, be treated as abandoned.

Appellants, in behalf of their contention that the Chancellor was not justified in entering the deficiency decree, argue that the record shows that there had been no consideration to the mortgagors, or any other person, for

the execution of the mortgage, and in consequence thereof, it was not valid and no foreclosure thereof should have been decreed. In support of this position, it is contended that the note was void as to Rosa Dillon, the wife of J. T. Dillon, she being a married woman; that the will of J. T. Dillon was probated in Ohio, executrix was appointed to manage estate, and notice was given to creditors to file claims; that time for filing claims had expired without complainant having filed his claim and that the note as a basis for a claim against J. T. Dillon, became worthless, and being worthless as against the said estate, and void as to Rosa Dillon, an extension of the time of payment did not constitute a good consideration for the execution and delivery of the mortgage; that the mortgage being invalid because of lack of consideration, complainant had no right to sue on it, and that there was no obligation on said defendants, by reason of the covenant in the mortgage, to pay the note. It is said in the brief of appellants:

"The answer setting up the facts necessary to apprise the Court of the lack of consideration for the covenant and mortgage, and of the invalidity of the mortgage itself for want of consideration, was on file before the Court when he entered his deficiency decree. The complainant had demurred to the answer, which meant that the complainant had admitted the facts in the answer to be true. The Court had sustained the demurrer to this answer, which meant that the Court held that, even admitting the facts stated in the answer to be true, the answer did not constitute a defense. The Court erred in sustaining the demurrer to said answer. But the question now before the Court on our notice of entry of appeal (T. 61), is merely whether the Court erred in entering a deficiency decree. The deficiency decree was entered in the face of the allegations of the answer. True the answer had been demurred out. Nevertheless the only basis for permitting the answer to be demurred

out was to assume the truth of the answer. For all subsequent purposes in the suit the answer must be assumed to be true. In view of the facts made known to the Court by the answer, the Court below erred in entering a deficiency decree against the defendant Rosa Dillon and against the defendant Julia Dillon Bennett, individually.''

The fallacy of this argument is apparent when we are reminded that the demurrer to the answer was sustained. This left the record, insofar as the questions involved here are concerned, in the same shape as it would have been if no answer had been filed. When the demurrer was sustained, the facts alleged in the answer dropped out of the case. The admissions made by the demurrer were only for the purpose of passing upon the sufficiency in law of the answer, and were not binding upon the Court in the consideration of the case on final hearing, or upon application for a deficiency decree (49 C. J. 442. See also, Rawls vs. City of Miami, 82 Fla. 65, 89 So. 351; Walker vs. Close, 98 Fla. 1103, 125 So. 521; 21 R. C. L. 506). They could not be regarded as an acknowledgment, or used as evidence, or considered as equivalent to evidence. 21 R. C. L. 509-10.

In this case, a decree pro confesso was entered against the defendants, and by reason thereof, they are held to have admitted the allegations of fact and the inferences, and conclusions of fact which may be drawn from the allegations contained in the bill of complaint. A. C. L. R. Co. vs. Feagin, 93 Fla. 1015, 113 So. 89.

Since the promise of the defendants, Julia Dillon Bennett and Rosa Dillon, was contained in a covenant of the mortgage, which was made a part of the bill, and the consideration therefor was the granting of an extension of time for the payment of the note, no question can arise here concerning the statute of frauds.

So far as we are advised by the bill, the plaintiff had

a good cause of action against the executrix of the estate of J. T. Dillon, deceased, at the time of the execution and delivery of the mortgage. The extension of the time of payment of the note constituted in legal effect, a forbearance to sue, and was sufficient consideration for the promise of Julia Dillon Bennett and Rosa Dillon, third persons, and Sole Devisees under the will of J. T. Dillon to pay the obligation incurred by J. T. Dillon, deceased. It is conceded that it was not necessary for the consideration to pass directly to such promisors. 12 R. C. L. 1080; Knight & Co. vs. Tampa S. L. R. Co., 55 Fla. 728, 46 So. 285; Starr Piano Co. vs. Baker, 8 Ala. App. 449, 62 So. 549; Wills v. Ross, 71 Ind. 1, 40 A. R. 279; Pulliam vs. Withers, 8 Dana (Ky.) 98, 33 A. D. 479; Peterson v. Russell, 62 Minn. 220, 54 A. S. R. 634; Frech vs. Yawger, 47 N. J. Law. 157, 54 A. R. 123; Watkins Co. vs. Beyer (Wis.), 233 N. W. 442, 71 A. L. R. 1268; 6 R. C. L. 654, 659; 28 C. J. 920, 921.

Moreover, the mortgage was under seal and therefore, a sufficient consideration is presumed To be available as a defense to the bill, it was necessary to plead and prove a lack of consideration for the mortgage. 1 Wiltsie on Mortgage Foreclosure, 4th ed. 150; 41 C. J. 384, 390. The cause proceeded to a final decree, the validity of which is not questioned by appellant. No error was committed by the Court in entering the deficiency decree. It follows that the decree appealed from should be and is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the decree of the Court below be and the same is hereby affirmed.

Buford, C.J., and Whitfield, Terrell, Brown and Davis, J.J., concur.

Ellis, J., dissents.

## On Rehearing.

Per Curiam.—A rehearing having been granted in this cause and the Court having further considered the record herein after the filing of additional briefs and after oral argument by counsel for the respective parties and the Court being now fully advised in the premises, it is considered, ordered and decreed by the Court that the Opinion filed in this cause on August 9, 1932, be adhered to and that the decree of the Circuit Court be and the same is hereby affirmed after rehearing and reargument.

Buford, C.J., and Whitfield, Terrell and Davis, J.J., concur.

Ellis and Brown, J.J., dissent.

Ellis, J. (dissenting).—There was no basis whatsoever for the entry of a deficiency decree against either Julia Dillon Bennett or Rosa Dillon because no consideration whatsoever moved to them for the execution of the mortgage nor to a third person nor was there any detriment to the mortgage. Neither of the defendants were bound on the original indebtedness which afterwards they voluntarily made secure by executing the mortgage on the land.