326

FLORIDA ASPHALT PAVEMENT MFG. CO.
v. FEDERAL RESERVE BANK OF
ATLANTA.

DAVIS v. SAME.

Nos. 7498, 7477.

Circuit Court of Appeals, Fifth Circuit.
March 27, 1935.

Rehearing Denied April 13, 20, 1935.

E. T. Shurley, Ernest B. Drumright, and Hilton S. Hampton, all of Tampa, Fla., for appellant Davis.

Hilton S. Hampton and Jno. W. Bull, both of Tampa, Fla., for appellants Florida Asphalt Pavement Mfg. Co. and Cobb.

K. I. McKay and R. W. Withers, both of Tampa, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

These two cases were argued together, present the same questions for decision, and may be conveniently disposed of by one opinion. In each case the declaration discloses the following material facts: The Florida Asphalt Block Paving Company, a corporation, held six notes of other corporations, aggregating about $59,600 face value, acquired for value before maturity, and indorsed and discounted them with the Citizens' Bank & Trust Company of Tampa, Fla. That bank in turn rediscounted the notes with the Federal Reserve Bank of Atlanta for value and before maturity. Thereafter the Citizens' Bank & Trust Company closed because of insolvency, and C. L. Knight was appointed and qualified as liquidator under the laws of Florida. On April 2d, 1930, after the notes matured, J. L. Cone entered into a written agreement with the Florida Asphalt Block Paving Company and the Federal Reserve Bank of Atlanta, approved by Knight, liquidator, which provided that, in consideration of the transfer by the asphalt company to Cone or a corporation to be organized by him, of a part of the assets of the asphalt company, consisting of its asphalt block manufacturing plant and equipment, with the raw material and manufactured paving material on hand, Cone agreed to assume the debt and guarantee the payment of the notes in stated installments. The Federal Reserve Bank agreed that it would not institute suit on the notes as long as the installments were paid as stated. The contemplated corporation was organized under the name of Florida Asphalt Pavement Manufacturing Company, and the assets of the other corporation were transferred to it as agreed. W. L. Cobb became interested in the new corporation with Cone, received a certain amount of its capital stock, and became its president. He agreed to join with Cone in guaranteeing the notes. On April 12th he executed a written document under seal, on behalf of himself and the new corporation, to carry out his agreement. This document was as follows:

"April 12, 1930.

"The Federal Reserve Bank of Atlanta, Atlanta, Ga.

"Gentlemen: In reference to the indebtedness of Florida Asphalt Block Paving

Company held by you under rediscount through the Citizens Bank & Trust Company of Tampa, Florida, this is to say that the undersigned corporation has been organized and has taken over the property of Florida Asphalt Block Paving Company, which it was agreed would be conveyed to Mr. J. L. Cone, and that the undersigned W. L. Cobb has become associated with said J. L. Cone in the ownership of said corporation. In consideration whereof the undersigned do hereby join with the said J. L. Cone in personally assuming liability for the payment of said indebtedness to the same extent and in the same manner as the said J. L. Cone has heretofore assumed and agreed to pay the same.

"Yours truly,

"Florida Asphalt Pavement Manufacturing Company,

"By  W. L. Cobb,—  [Seal]
"President.

"W. L. Cobb.  [Seal]."

Thereafter, on May 15, 1930, Myron B. Davis also became interested in the new corporation and joined Cone and Cobb in guaranteeing the notes, executed a written document under seal, which was as follows:

"Tampa, Florida, May 1, 1930.
"The Federal Reserve Bank of Atlanta, Atlanta, Ga.

"Gentlemen: In reference to the indebtedness of Florida Asphalt Block Paving Company held by you under rediscount through the Citizens Bank & Trust Company of Tampa, Florida, this is to say that the undersigned has become associated with Messrs. J. L. Cone and W. L. Cobb in the ownership of Florida Asphalt Pavement Manufacturing Company, which has taken over the business of the Florida Asphalt Block Paving Company, and under agreement with his associates does hereby assume, jointly and severally with said J. L. Cone and W. L. Cobb, liability for the payment of said indebtedness to the same extent and as fully as the said J. L. Cone and W. L. Cobb have heretofore assumed and agreed to pay the same.

"You may consider this letter in all things as binding me to the payment of said indebtedness in the same manner and to the same extent as if I had signed the original agreement executed by J. L. Cone jointly and severally with him.

"Yours very truly,

"Myron B. Davis.  [Seal.]"

Payments were made on the notes, reducing the net amount due to $26,700.16, but the agreement to pay them off in installments was not complied with. The Federal Reserve Bank of Atlanta then brought these two suits in June, 1933, one against the Florida Asphalt Pavement Manufacturing Company and Cobb and the other against Davis, to enforce their respective agreements above set out. Cone and the Florida Asphalt Block Paving Company were not made parties. The Florida Asphalt Pavement Manufacturing Company was served with process, but did not enter an appearance or file any pleadings. Cobb and Davis filed demurrers to the complaints, which were overruled, and then filed pleas setting up the defense of want of consideration and pleading the statute of limitation of three years. Demurrers were sustained to the pleas. The defendant elected to stand on the pleas and declined to plead further. The complaint in each case was in three counts. By leave of court the third count in each case was withdrawn; the remaining counts were practically identical as to the allegations of fact. Judgment by default was entered on the pleadings and confirmed. Final judgments then entered against the Florida Asphalt Pavement Manufacturing Company, Cobb, and Davis in the amounts as prayed for. These appeals followed. Error is assigned to the overruling of the demurrers to the complaints; to the sustaining of the demurrers to the pleas; to the entering of the judgments; and the denial of motions in arrest of judgment. The assignments may be considered together.

In support of the defense of want of consideration, it is contended that the consideration for forbearing to bring suit on the notes was the assumption and guaranty executed by Cone and, the Federal Reserve Bank having already promised to carry out the contract with Cone, the additional promises from Cobb and Davis for the performance of the contract was without any reciprocal promise by the bank, as it was already obligated. The contention is untenable, for the following reasons:

At common law a contract under seal imports consideration. The doctrine obtains in Florida unmodified by statute. Bennett v. Senn, 106 Fla. 446, 144 So. 840.

It is also well settled that, where one assumes and guarantees the obligation of another to a third person, consideration moving from the third person to the original obligor or consideration moving from the original obligor to the guarantor is sufficient to support the validity of the contract.

328

The rule is thus stated in Restatement Contracts: "Consideration may be given to the promisor or to some other person. It may be given by the promisee or some other person." Section 75 (2). The following Florida decisions apply the rule: Hunter v. Wilson, 21 Fla. 250; Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264; Enns-Halbe Co. v. Templeton, 101 Fla. 609, 135 So. 135; Bennett v. Senn, 106 Fla. 446, 144 So. 840.

Applying the rule to the facts of this case, it is apparent there was consideration moving from the Federal Reserve Bank to Cone and the Florida Asphalt Pavement Manufacturing Company. The Federal Reserve Bank had the right to look to the assets of the Florida Asphalt Block Paving Company for payment of the notes. By agreeing to not bring suit on them, provided the installments were paid, and permitting part of these assets to be transferred to Cone or the new corporation, consideration was given for the guaranties of Cone and the new corporation. It is also apparent that the transfer by Cone of part of his interest in the new corporation to Cobb and Davis was consideration for their guaranties for the benefit of the Federal Reserve Bank.

The pleas of limitation of three years are not pressed, nor could they be, as the limitation for bringing actions on instruments under seal is twenty years. Section 4663, Compiled General Laws of Florida.

The record presents no reversible error.

Affirmed.