CARROLL, Judge.
The appellant filed an action on two-promissory notes, against the maker, Mt. Vernon Homes, Inc., and four indorsers, David Weinstein, Michael Melfa, Abraham Kasow and Jack Schenkman. The complaint alleged the individuals were accommodation indorsers. Attached thereto were copies of the notes showing the in-dorsements, preceded by the following language: “In case of default payment of this note guaranteed by:” Defendants answered and the case was tried before the court without a jury. Judgment was granted against the maker, but in favor of the indorsers upon concluding that they were not accommodation indorsers (not needing consideration)[1] but were guarantors (needing consideration)[2] and holding there was no consideration for the guaranty.
The determinative question presented on this appeal, as stated by the appellant, is “Whether forbearance and extension of time is sufficient consideration to support a promise to pay the obligation of a note as a guarantor of said note.”
The evidence disclosed the notes were given in connection with an undertaking on the part of the plaintiff to forbear and grant an extension of time for payment of an overdue obligation of the defendant corporation owed to the plaintiff, and it was shown, that a condition of such extension and forbearance was that the debtor should furnish such notes with indorsements thereon by the individuals.
*788 As authorized by rule 1.15, F.R.C.P., 30 F.S.A., the trial judge considered the complaint amended to conform to the proofs which showed the individual defendants to be guarantors rather than accommodation indorsers.[3] In so ruling the trial judge was eminently correct, but in holding there was no consideration to support the promise of the guarantors the learned trial judge was in error.
Of the four indorsers, three were directly interested in the debtor corporation as officers, directors or shareholders. The fourth was the father of a man so interested. The forbearance and extension, conditioned on procuring the indorsements, was arranged through conferences of two of the indorsers with the plaintiff. It is clear that the indorsers obligated themselves for the purpose of gaining such forbearance and extension of time for the debtor corporation. The resulting guaranty of the indorsers was supported by consideration. Bennett v. Senn, 106 Fla. 446, 144 So. 840. In 30 Fla.Jur., Suretyship and Guaranty, § 31, p. 425, citing the Bennett case as authority, it is said: “An extension of time in which to pay an obligation constitutes sufficient consideration for a guaranty in respect thereof.” See also Moore v. Lee Tire & Rubber Co. of New York, 8 Cir., 1921, 273 F. 465; Warren Nat. Bank, Warren, Pa. v. Suerken, 45 Cal.App. 736, 188 P. 613; Loewenherz v. Weil, 33 Ga.App. 760, 127 S.E. 883; O’Neil v. Dux, 257 Minn. 383, 101 N.W.2d 588; Mandle v. Horspool, 198 Mo.App. 649, 201 S.W. 638; Sawyer v. Bahnsen, 102 Okl. 41, 226 P. 344; and 1 Corbin, Contracts, § 139, p. 594, stating: “An extension of time given by a creditor to his debtor is a sufficient consideration for a third person’s promise. Frequently this promise is a promise to pay the debt in the form of an indorsement or a guaranty.”
Accordingly, to the extent that the judgment is in favor of the indorsers it is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.

. § 674.23 Fla.Stat., F.S.A.; Fannin v. Fritter, for the use of American Nat. Bank, 127 Fla. 97, 172 So. 691.

. Bennet v. Senn, 106 Fla. 446, 144 So. 840; Brandon v. Pittman, 117 Fla. 678, 158 So. 443; 30 Fla.Jur., Sur. & Guar., § 31.

. The character of the indorsement as a guaranty was determinable from its language. See Langley v. Owens, 52 Fla. 302, 42 So. 457, 460; Pink v. Investors Syndicate Title & Guar. Co., 246 A.D. 172, 285 N.Y.S. 155. Cf. M. J. Wallrich Land & Lumber Co. v. Ebenroiter, 216 Wis. 140, 256 N.W. 773, 775.