188 So.2d 826 (1966)
Donald L. HINES, Appellant,
v.
TRAGER CONSTRUCTION CO., Inc., a Florida Corporation, Appellee.
No. H-21.
District Court of Appeal of Florida. First District.
July 14, 1966.
Rehearing Denied August 22, 1966.
William H. Maness, Jacksonville, for appellant.
S. Thompson Tygart, Jr., of Law Offices of Charles Cook Howell, Jr., Jacksonville, for appellee.
WIGGINTON, Judge.
Appellant brought this action for damages suffered as a result of the death of his minor son who died from injuries received as a consequence of appellee's alleged negligence. From a final judgment based upon a jury's verdict in favor of appellee, this appeal is taken.
The action is in tort and the issue of liability is predicated upon the attractive nuisance doctrine. Appellant's minor son, while playing on the job site of a building under construction, was killed when a bundle of roof trusses fell on him. The job site was under the direct supervision and control of appellee, Trager Construction Co., who was the contractor engaged in the construction of the building. American Truss Co., Inc., was also joined as a party defendant in the case. The complaint alleged that American Truss Co. was guilty of negligence in the manner in which it stacked a bundle of roof trusses which fell *827 and killed plaintiff's son. Trager was charged with negligently permitting the trusses to remain in a dangerous condition on its property under circumstances where it knew or should have known that children in the neighborhood would be attracted to the job site and might be injured thereby. Trager defended the action by interposing the defenses of general denial and contributory negligence. Trager also filed a cross-claim against its codefendant, American Truss Co., charging that the latter was guilty of active and primary negligence in the manner in which it stacked the roof trusses on the job site while Trager's liability arose, if at all, only as a result of secondary or passive negligence. The prayer of the cross-claim was that it have judgment against American Truss for all sums found to be due by Trager to the plaintiff in any final judgment rendered in the cause.
Upon motion made during the course of the proceedings prior to trial, a final summary judgment was entered in favor of American Truss on Trager's cross-claim against it. On appeal to this court, the summary final judgment was affirmed.[1] As a consequence of the summary final judgment, American Truss Co. was dismissed as a party defendant and the case proceeded to trial only on the issues made by the complaint of appellant and the answer of appellee Trager.
During the trial while plaintiff was putting on his case, he proffered in evidence and requested permission of the court to read to the jury that part of defendant Trager's cross-claim against American Truss Co., which was as follows:
"* * * [T]he boy wandered over to the lot whereon the trusses were stacked, and was there killed when some of them fell upon him.
* * * * * *
"* * * No agent, servant or employee of Trager was present at the time * * * young Hines received his fatal injuries, or was then and there actually exercising any control whatsoever over the premises * * *; although Trager, at said time and place, did have the right of control over, and the primary responsibility for, the erection of the new house.
* * * * * *
"* * * Said death was proximately caused by the negligence of said employee or employees of American Truss, acting as aforesaid, in this, to wit: In making delivery of said trusses American Truss unloaded and placed them upon the ground in bundles, with the point of the trusses (that part which would form the peak of the roof after the trusses were installed in the house) resting on the ground and that part of the trusses which would form the ceiling facing the sky so that the entire weight of the bundles of trusses rested at one point on the ground, leaving a flat surface on top resembling a see-saw. Notwithstanding the fact that American Truss know or should have known that the unloading of said trusses in the manner aforesaid created a dangerous condition and constituted a hazard to children playing in or about said construction site, American Truss nevertheless carelessly and negligently failed and omitted to brace said bundles and support them to prevent them from toppling over or being toppled over and carelessly and negligently left the premises under construction in an inherently dangerous condition. As a direct result of this, Randall Hines, seven years of age, was attracted to the premises on which the dwelling was being constructed and while he and other children were playing upon and around the trusses one or more bundles of them toppled and fell over upon his head and body  as a result of which his head was crushed and he, himself, killed.
"* * * Trager says that (a) its negligence in the premises was (i) secondary, *828 not primary, and (ii) passive, not active; * * *."
The foregoing excerpt from defendant's cross-claim against American Truss was offered in evidence on the theory that it constituted either a judicial confession or an admission against interest, and therefore was admissible. The court's ruling sustaining Trager's objection to appellant's proffer of the foregoing evidence is assigned as an error on appeal.
It is appellant's contention that a pleading containing allegations of fact filed by a party in a judicial proceeding is admissible in evidence in the same or other proceeding on the theory that it constitutes either a judicial confession or admission against interest. In support of this position appellant relies on the statement in Florida Jurisprudence dealing with the subject of pleadings:
"An admission in a pleading is, as between the parties, accepted as a fact without the need for supporting evidence. Whether expressed or implied, the admission dispenses with the necessity for proof on the issue conceded."[2]
Appellant also invites our attention to the corollary statement in Florida Jurisprudence dealing with the subject of evidence which is as follows:
"The general rule is that statements in a pleading have evidentiary value, and an admission of a fact by a party in a pleading may be introduced against him in another proceeding, if relevant, unless the pleading was filed under the orthodox common-law system of pleading. * *"[3]
The applicability of the foregoing principles to the case sub judice is doubtful. Although factual admissions in a pleading have been held to be admissible as evidence without the need for supporting proof, this principle appears to be confined to facts alleged in pleadings between the parties. The cross-claim which appellant sought to introduce in evidence in this case was between appellee and a codefendant who was later dismissed from the case by summary final judgment. Secondly, the factual allegations contained in appellee's cross-claim were not in dispute and were established by other evidence adduced at the trial. The only allegations of the cross-claim which could have given color of support to appellant's position were those in which appellee alleged that American Truss was guilty of primary negligence and appellee's liability arose as a result of passive or secondary negligence. These are not allegations of fact but constitute conclusions of law. When proffered for the obvious purpose intended, the allegations were incompetent and immaterial.
Appellant points to Younglove v. Knox[4] as authority for the position he takes on this appeal. An examination of Younglove reveals that the pleading in an equity suit which was admitted in evidence in a common-law action was a pleading filed between the same parties in both suits containing allegations of fact which were in dispute. Younglove is therefore distinguished from the case sub judice in the two important respects mentioned.
The case of Booth v. Lenox[5] stands for the proposition that the pleading of a party in one suit may be used in evidence against him in another, not as estoppel, but as proof, open to rebuttal and explanation, that he admitted certain facts. We repeat that the facts alleged in the cross-claim of appellee were not in dispute so the pleading, even if admitted in evidence, would not have served the purpose permitted by the holding in Booth v. Lenox, supra. To the same effect is the holding in the case of In re Price's Estate.[6]
*829 It is noted that in each of the three cases cited above a pleading filed by a party in a prior suit was admitted in evidence against him in a subsequent suit as proof of facts in dispute. Although this principle was apparently approved in the cases cited and discussed above, serious doubt as to its validity was raised by the Supreme Court in the subsequent case of Brickley v. Atlantic Coast Line R. Co.[7] In that case the court appears to have drawn a distinction between common-law and chancery actions, and concluded by holding that the rule would not apply in actions at common law. Regardless of the apparent inconsistency in the foregoing decisions by the Supreme Court, it is our view that the rule is not applicable in the case sub judice.
Here, a cross-claim filed by a defendant against a codefendant who was later dismissed from the action by summary final judgment was offered in evidence by the plaintiff in the action. The cross-claim was not offered for the purpose of proving disputed facts, but for the obvious purpose of establishing that in its cross-claim against the codefendant American Truss, Trager took a position respecting its secondary or passive negligence in the premises, whereas, in its defense against the complaint it took the inconsistent position of denying any negligence on its part which proximately caused the damages suffered by plaintiff. It has long been established in this state that inconsistent positions taken by a party through the pleadings he files in an action may not be used by an opposing party as proof of an issue.
In Dowling v. Nicholson[8] the defendant in a personal injury action arising out of an automobile accident filed separate pleas of not guilty and contributory negligence. The trial court admitted in evidence over objection defendant's plea of contributory negligence in which he admitted ownership of the vehicle involved in the occurrence as proof of the fact of defendant's ownership. In acknowledging existence of the rule which permits a pleading in one suit to be received in evidence against the pleader as proof of the fact in issue raised in a subsequent suit, but prohibiting such practice with respect to pleadings filed in the same suit, the Supreme Court said:
"But whatever effect in a separate judicial proceeding such an admission as was contained in the pleas here involved might have in such separate judicial proceeding, it is certain that under our statute which provides for and allows contradictory pleas to be filed by a defendant in a common-law case (section 4318, Comp.Gen.Laws 1927, section 2652, Rev. Gen.St. 1920) that it is not proper practice to allow the plaintiff to use one plea, and admissions of fact necessarily contained therein, to negative the issues raised in the case by an entirely separate and distinct plea. A plea of not guilty puts in issue the breach of duty or wrongful act alleged and this issue cannot be negatived by what is contained in other pleas which confess and undertake to avoid.
"If such were not the rule, then every plea of confession and avoidance might be successfully introduced in evidence to overcome those pleas which were in denial. The effect might then be that the whole case would be tried upon admissions contained in inconsistent pleas, which the statute permits to be interposed as separate and available defenses. This would undoubtedly effectually defeat the very purpose of the statute, which was to countenance the apparently anomalous, but long-established, practice in this state of permitting a defendant to say in one plea he did not do a certain thing while in a different plea which immediately follows it he undertakes to offer some affirmative excuse against its legal consequences after confessing that he did do what in the first plea he has denied doing."
*830 In the case of Olin's, Inc. v. Avis Rental Car System,[9] defendant filed a motion to dismiss a complaint for declaratory decree and, in the alternative, to transfer the case to the law side of the court. Both of defendant's motions were denied and summary judgment entered in favor of plaintiff. On appeal the Third District Court of Appeal, 102 So.2d 159 held that even though the complaint did not state a cause of action for declaratory relief, that nevertheless the motion to dismiss and to transfer filed by defendant contained certain admissions of fact which established that defendant had breached the contract of which plaintiff sought a declaration of its rights, and that the summary judgment in favor of plaintiff was therefore proper. On review by certiorari the decision of the District Court was held to be erroneous by the Supreme Court and was therefore quashed, 104 So.2d 508. In so holding, the Supreme Court pointed out that by the denial of defendant's motion to dismiss and transfer, the motions dropped out of the case as in the case of any other pleading which has been successfully attacked by the opposing party, leaving the record in the same shape as it would have been if no such pleading had been filed. By analogy, when American Truss was granted a summary final judgment on defendant's cross-claim filed against it by appellee in the case sub judice, the cross-claim dropped out of the case leaving the record in the same shape as it would have been if the cross-claim had never been filed. In commenting upon the principle to be applied to circumstances of this kind, the Supreme Court said:
"We think the District Court may have been misled by the language of this court in Carvell v. Kinsey, Fla. 1956, 87 So.2d 577, 579, wherein it was said that `[c]itation of authorities is unnecessary to sustain the rule that parties-litigant are bound by the allegations of their pleadings and that admissions contained in the pleadings as between the parties themselves are accepted as facts without the necessity of supporting evidence.' But this statement, when read in context, obviously refers to admissions made in the complaint and the answer upon which issue is finally joined, see Whitehouse, Equity Practice, Vol. 1, § 336, p. 558, and not to admissions made in preliminary pleadings that have been successfully attacked by the opposing party, cf. Bennett v. Senn, supra, [106 Fla. 446,] 144 So. 840, nor to admissions made in one of several separate and inconsistent defenses, see Dowling v. Nicholson, 1931, 101 Fla. 672, 135 So. 288. 30 F.S.A. Rule 1.8(g) Fla.Rules Civ.Proc."
Under our present rules of civil procedure, a pleader may assert as many different claims or causes of action or defenses in the same right as he may have. Such claims or defenses may be alleged in the alternative regardless of consistency, and whether based on legal or equitable grounds, or both.[10]
Under the form of pleading permitted by the rule, the pleader may seek relief on causes of action asserted under any one or more different theories of law, each of which depend upon the establishment of facts which may be materially different from and inconsistent with those supporting the alternative claims based upon the other theories of law. The same is true of the *831 defenses interposed to the cause or causes of action alleged in the complaint. It is not infrequent for pleadings to be filed before the pleader knows with any degree of certainty what facts he will ultimately be able to prove, or what the real issues will be on which the case will be decided. Such form of pleading permits the pleader maximum freedom in the development of his case, and permits his claim for relief or defense to be adjudicated on facts which are developed by discovery and evidence introduced at the trial rather than on the pleadings filed in the cause. The salutary purpose of the rule would be emasculated if not completely destroyed if the allegations of fact contained in an alternative and inconsistent statement of a cause of action or defense could be used in evidence against the pleader as proof of the facts alleged in such pleading. So long as the pleadings in a cause are merely a tentative outline of the position which the pleader takes before the case is fully developed on the facts, then it should be held that the pleadings are inadmissible as evidence to prove the facts alleged therein. By the same token such pleadings should likewise be held inadmissible as evidence for the purpose of showing an inconsistent legal position taken by the pleader either in the case in which the pleading is proffered, or in prior judicial proceedings.
Furthermore, under the rules of civil procedure now in effect, cases are frequently decided on issues not raised by the pleadings themselves, but which are tried by the express or implied consent of the parties. In such instances failure to amend the pleadings to conform to the evidence on which the issues were tried and the verdict rendered does not affect the result of the trial.[11] When instances such as these arise, the original pleadings are rendered completely immaterial, and the facts offered in support of the unpleaded issues never appear as allegations in the pleadings on file in the cause. This observation merely points up how anomalous it would be to permit the pleadings in a case to be offered in evidence against the pleader as proof of the facts alleged therein when in many instances no attempt is ever made to prove the facts alleged in any one or more of the statements of claim or defenses initially interposed by the parties.
For the foregoing reasons it is our view that the trial court did not commit error in rejecting appellant's proffer in evidence of the cross-claim filed by appellee against its codefendant, and such ruling under the facts and circumstances of this case was entirely proper.
We have carefully considered the remaining points on appeal, most of which are closely related to or dependent upon the answer to the foregoing point discussed above From our review we conclude that the remaining points are without substantial merit. The judgment appealed is accordingly affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] Hines v. American Truss Co., Inc., (Fla.App. 1964) 168 So.2d 100.
[2] 25 Fla.Jur. 249, Pleadings, § 93.
[3] 13 Fla.Jur. 220, Evidence, § 222.
[4] Younglove v. Knox, 44 Fla. 743, 33 So. 427.
[5] Booth v. Lenox, 45 Fla. 191, 34 So. 566.
[6] In re Price's Estate, 129 Fla. 467, 176 So. 492.
[7] Brickley v. Atlantic Coast Line R. Co., 153 Fla. 1, 13 So.2d 300.
[8] Dowling v. Nicholson, 101 Fla. 672, 135 So. 288, 293.
[9] Olin's, Inc. v. Avis Rental Car System of Florida, Inc. (Fla. 1958), 104 So.2d 508, 510, 511.

To same effect see Youngblood v. City of Mason City (1914), 165 Iowa 488, 146 N.W. 20.
[10] Rule 1.8(g), F.R.C.P., 30 F.S.A.

"A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two or more causes of action are joined. A party may also set forth two or more statements of a claim or defense alternatively, either in one count or defense, or in separate counts or defenses. * * * A party may also state as many separate claims or defenses as he has, regardless of consistency, and whether a defense be based on legal or on equitable grounds, or on both. * *"
[11] Rule 1.15(b), F.R.C.P.

"Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they kind been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment or decree; but failure so to amend shall not affect the result of the trial of these issues. * * *"