PER CURIAM.
Charlene Adams, appellant/co-defendant appeals the entry of an adverse final judgment. We reverse.
On October 30, 1975, appellee, “Merrill Lynch”, filed an amended complaint against appellant, Charlene Adams, and her erstwhile husband, William Adams, for the sum of $17,204.05, due on a commodities trading account, which Merrill Lynch contended the Adamses had opened and maintained. The Adamses were represented by the same lawyer who filed an answer and counterclaim on their behalf on December 5, 1975. The answer admitted opening the account in question and they charged Merrill Lynch with trading in the account without their approval, causing a substantial loss.
Pursuant to a stipulation of the parties, appellant,[1] on May 1, 1977, filed an amended answer and counterclaim. In said answer Charlene Adams expressly denied that she ever opened any account of any kind with Merrill Lynch and generally denied any relationship with appellee. However, the amended affirmative defenses and counterclaim were both cast in language which indicated that the account belonged to both husband and wife and appellants sought damages in the amended counter *5 claim for alleged improper handling of the account by appellee.
On October 7, 1977, the lawyers who had represented both Charlene and William Adams obtained an order allowing them to withdraw as counsel for Charlene Adams. Thereafter she was not represented by counsel during the trial of the cause.
The testimonial evidence at trial showed that appellant did not claim any interest in the account, had not authorized it to be opened, and had no contact whatsoever with Merrill Lynch. Both Charlene and William Adams so testified. The only evidence linking Charlene Adams to the account was certain allegations in the original answer and counterclaim which were offered and received into evidence over objection. In this respect, the trial court erred.
Though Mr. and Mrs. Adams’ first answer contained an admission “that they opened an account with the Plaintiff,” Charlene Adams subsequently averred that “heretofore [she] had no personal and direct knowledge as to the matters set forth in the pleadings.” Upon this basis, the trial court permitted Charlene Adams to file an amended answer and counterclaim. Her answer was a flat denial that she either opened or authorized the account. Thus, long before trial, Merrill Lynch was aware of Charlene Adams’ unequivocal denial. Given this background, her first answer, an unsworn and unauthorized pleading, should not have been admitted into evidence as a judicial admission.
The same rule applies to the allegations in her counterclaim. The first counterclaim filed on behalf of Mr. and Mrs. Adams contained the allegation that they “opened an account with the Plaintiff.” This, in turn, was amended to read, “an account was opened with the Plaintiff. . This account is in the joint names of the Defendants.” It is well established Florida law that a complaint or counterclaim which is but a tentative outline of a pleader’s position is inadmissible as evidence to prove a fact alleged therein. Hines v. Trager Construction Co., Inc., 188 So.2d 826 (Fla. 1st DCA), cert. denied, 194 So.2d 618 (Fla.1966). Neither a complaint nor a counterclaim is admissible in evidence to prove or disprove a fact in issue. Harrold v. Schulep, 264 So.2d 431 (Fla. 4th DCA 1972).
Finally, we are compelled to note that with the exception of the “pleadings evidence,” all of the evidence offered by both sides indicated that Charlene Adams had no connection with the commodities trading account. This was the explicit testimony of Mr. and Mrs. Adams and it was corroborated by Merrill Lynch. Neither signature cards nor testimony that Charlene Adams verbally authorized the account was produced. In short, plaintiff’s case was built on surmise which cannot withstand objective scrutiny. Thus the case must be reversed and remanded for new trial as to appellant, Charlene Adams.
DOWNEY and HURLEY, JJ., and SHARP, G. KENDALL, Associate Judge, concur.

. William Adams is no longer an appellant, his appeal having been dismissed.