941 So.2d 1269 (2006)
Glen F. STRAUB, Palm Beach Polo & Country Club Property Owners Association, Inc., Burrell Industries, Inc., Tennis Lodges # 1 Condominium Association, Inc. and East Bungalows Homeowners Association, Inc., Appellants,
v.
VILLAGE OF WELLLINGTON, TJ Palm Beach, Whiting Turner Contracting Company, Smith & Company, Inc. and Williams, Hatfield & Stoner, Appellees.
No. 4D06-510.
District Court of Appeal of Florida, Fourth District.
November 22, 2006.
Larry A. Zink of Zink, Zink & Zink Co., L.P.A., Hillsboro Beach, for appellants.
George P. Roberts, Jr., of Roberts, Reynolds, Bedard & Tuzzio P.A., West Palm Beach, for appellee Village of Wellington.
Morris G. (Skip) Miller and John H. Pelzer of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, for appellees TJ Palm Beach, Whiting Turner Contracting Company, Smith & Company, Inc. and Williams, Hatfield & Stoner.
WARNER, J.
Appellants, Palm Beach Polo & Country Club Property Owners Association, Inc., and Glen Straub, challenge the final summary judgment holding that the Village of Wellington lawfully occupied an easement on which the appellants claimed a right. We affirm the summary judgment of the trial court.
When the Village of Wellington commenced the installation of a water main to serve the new Wellington Mall, Palm *1270 Beach Polo and Country Club Homeowners Association prevented its continuation by placing construction equipment on the property sited for the water main. Wellington filed suit seeking an injunction, claiming that it had a right to lay pipe in an easement dedicated to the public. In addition to suing Polo, Wellington also named Glen Straub as the owner of Polo, and two condominium associations who were alleged to be the current owners of the property encumbered by the easements where Wellington intended to lay the water main. The plat attached to the complaint contained a dedication of various easements, including one for utility easements which was dedicated in perpetuity for construction and maintenance of utilities. In addition, the plat stated that "[e]asements are for Public Utilities, unless otherwise noted."
Polo generally denied the allegations of the complaint and contended that the easements were not dedicated to the County (and thus to Wellington) but were generally for the construction and maintenance of utilities such that the right of use of the easement inures to the benefit of all utilities. Polo also filed a counterclaim for inverse condemnation, stating in part that it maintained property rights in the real property which was the subject of the lawsuit and Wellington had attempted to place significant utilities on the property in derogation of Polo's rights.
After Polo voluntarily removed the construction equipment from the easement area, Wellington voluntarily dismissed its complaint. However, Polo amended its counterclaim to include the developer of the Wellington Mall and its contractors and sought relief against all counter-defendants for inverse condemnation, trespass on the case, and loss of use of easement.
Wellington moved for summary judgment and asserted the utility easement was dedicated to the public and Palm Beach County, and Polo had no legal or equitable interest in the utility easement, as the servient tenant was one of the condominium associations, not Polo. The trial court granted summary judgment, finding that the Limited Access and Utility Easement was dedicated to the public and Palm Beach County in perpetuity. It determined that Polo could not maintain its actions, because it did not own the land on which the easements are located, nor did it have a protectable interest in the easement.
Polo contends that an allegation in Wellington's initial complaint regarding the ownership of the property creates a disputed issue of fact and precludes summary judgment. The complaint stated that the utility easement shown on the plat is dedicated to the public and to Palm Beach Polo. However, we view that allegation as a legal conclusion contained within the complaint which is insufficient to raise a disputed issue of fact. See Fla. Power Corp. v. Silver Lake Homeowners Ass'n, 727 So.2d 1149, 1150 (Fla. 5th DCA 1999); Jewett v. Leisinger, 655 So.2d 1210, 1212 (Fla. 4th DCA 1995) (construction or interpretation of easements is a matter of law).
Moreover, we have previously held that a complaint is not admissible into evidence to prove or disprove a fact in issue. See Adams v. Merrill Lynch, Pierce, Fenner & Smith, 392 So.2d 4, 5 (Fla. 4th DCA 1980). The rationale behind this rule is that the complaint is seen as merely a tentative outline of the pleader's positions. Id. In this case, the statement in the complaint appears to be a mistake, as throughout the litigation Wellington has claimed exactly the opposite conclusion as to the ownership of the property, namely that the easement was in favor of Palm Beach County, not Palm Beach Polo.
*1271 Although Polo raises similar issues with respect to two affidavits and their effect of raising disputed issues of fact, we likewise reject these arguments. The language of the easement is clear, and the affidavits cannot render it ambiguous. The easement in question where Wellington was installing the water main was not dedicated to Palm Beach Polo but to Palm Beach County. Where the language in a deed is clear and certain in meaning, there is no room for judicial construction of the language or interpretation of the words used. Walters v. McCall, 450 So.2d 1139, 1142 (Fla. 1st DCA 1984).
We affirm as to all issues raised.
STEVENSON, C.J., and TAYLOR, J., concur.