RAMIREZ, J.
Mario Fallon appeals an adverse summary final judgment in his cause of action against appellee City Furniture, Inc. for defamation of credit. Because we agree with the trial court that Fallon could not establish the publication element of his claim, we affirm.
Fallon alleged in his complaint that City Furniture forged his signature on a credit application without his knowledge or permission. Fallon further alleged that City Furniture subsequently reported false information about his credit to credit bureaus. City Furniture answered and raised numerous affirmative defenses. City Furniture admitted that it provided credit reporting agencies with information *307 regarding Fallon’s account and denied that it had done so with a willful and/or malicious intent to besmirch and injure Fallon.
In its renewed motion for summary judgment, City Furniture argued that Fal-lon could not establish the publication element of his credit defamation claim. . The trial court agreed that Fallon failed to substantiate that City Furniture published any information regarding his credit.
Among the arguments Fallon raises in this appeal, he maintains that City Furniture’s admission that it reported Fal-lon’s credit information to credit bureaus binds City Furniture, and that City Furniture’s subsequent denial of that allegation creates an issue of material fact. We view this inconsistency as the Fourth District viewed the inconsistency raised in Straub v. Village of Wellington, 941 So.2d 1269 (Fla. 4th DCA 2006), as nothing more than an allegation insufficient to raise a disputed issue of material fact.
’ The primary issue in Straub involved the ownership of property with an easement. Id. at 1269. The plaintiff sued for injunctive relief claiming that it had the right to lay a pipe on the easement. Id. at 1270. The defendants counter-sued for inverse condemnation, claiming that they maintained property rights in the subject property. Id. The plaintiff moved foxf summary judgment on the counterclaim, alleging that the defendants had no legal or equitable interest in the easement. Id. The trial court agreed with the plaintiff and entered judgment in its favor. Id. On appeal, the defendants argued that an inconsistency between an allegation in the complaint regarding ownership of the property and allegations in subsequent filings of the plaintiff created a disputed issue of material fact. Id. The Fourth District disagreed, holding that pleadings are merely a tentative outline of the pleader’s position, and that inconsistencies between a position adopted in an initial pleading and a position adopted in subsequent filings do not create a disputed issue of material fact. Id.See also Hines v. Trager Constr. Co., Inc., 188 So.2d 826, 831 (Fla. 1st DCA 1966).
We follow Straub and hold that the position City Furniture undertook in its Answer merely represented a tentative viewpoint regarding the case. By subsequently taking a contrary stand in its motion for summary judgment, City Furniture did not create a disputed issue of material fact. Pleadings are inadmissible into evidence to prove or disprove a fact in issue. See Straub, 941 So.2d at 1270; Hines, 188 So.2d at 831. A party may alter the position taken earlier as facts are developed through discovery and other means; See Straub, 941 So.2d at 1270; Hines, 188 So.2d at 831.
We therefore affirm for the foregoing reasons, and decline to address the remaining arguments raised in this appeal.
Affirmed.