## Koons to use, Appellant, *v.* Franklin Trust Co.

*Statute of frauds—Promise to pay debt of another—Forbearance —Consideration—Special fund.*

1. Forbearance in the collection of an outstanding account may be sufficient to make valid a promise to pay the debt of another within the statute of frauds, but such rule does not apply where the grant of the delay is of no benefit to the promisor, where no consideration has passed from the promisor to the promisee, and where the promisee has done nothing in reliance upon the promise.

2. Where it is not shown that there was an intention on the part of the promisor, by an oral promise, to create an original undertaking on his part to another, he cannot be made liable on such promise.

3. An oral promise to pay the debt of another is not within the statute, where the promisor has a fund of the debtor placed in his hands for such payment, but this rule has no application where no such fund exists.

4. Where an order is directed to a trust company to pay money to a third person, and it appears that the trust company is under no obligation to pay any money to such person, that the fund from which it might have been paid had already been properly expended, and that the company endorsed the order as received "for its files, without any obligation to itself," the company is not liable to the person in whose favor the order was made.

Argued January 16, 1923. Appeal, No. 81, Jan. T., 1923, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1920, No. 7086, refusing to take off compulsory nonsuit, in case of Frederick S. Koons to use of John W. Best v. Franklin Trust Co. Before FRAZER,

SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for money had and received for plaintiff's benefit.   Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Paul Reilly*, with him *Arthur W. Horton*, for appellant.—Forbearance, either limited or general, is a good consideration for a promise to pay the debt of a third person: Silvis v. Ely, 3 W. & S. 420; Downing v. Funk, 5 Rawle 69; Dock v. Boyd, 93 Pa. 92; Caldwell v. Heitshu, 9 W. & S. 51; Arnold v. Stedman, 45 Pa. 186; Muirhead v. Kirkpatrick, 21 Pa. 237; Kean v. McKinsey, 2 Pa. 30; Thompson v. Trust Co., 234 Pa. 452.

There is proof that Koons raised a fund which went into appellee's possession, which fund was to pay the construction company's obligations, and these facts make the appellee's undertaking an original promise under the principle of the cited cases: Silvis v. Ely, 3 W. & S. 420; Downing v. Funk, 5 Rawle, 69; Buckwalter Stove Co. v. Trust Co., 53 Pa. Superior Ct. 558.

*J. Quincy Hunsicker*, with him *Edward H. Cushman*, for appellee, cited: Weightman v. Trust Co., 208 Pa. 449; Wheeler v. Trust Co., 206 Pa. 428; Whiteman v. Title & Trust Co., 25 Pa. Superior Ct. 320.

OPINION BY MR. JUSTICE SADLER, February 12, 1923:

The Wyoming Construction Company planned the erection of forty-one houses on Florence Avenue, Philadelphia.   In order that money could be raised by the sale of mortgages on the proposed buildings, it arranged with the Franklin Trust Company, defendant, to issue poli-

cies to purchasers indemnifying them against possible loss which might be sustained from a failure to complete the work of construction. All funds were to be deposited for its protection, and withdrawn only on order of the builder, subject to the approval of defendant. Later, the plaintiff was employed by the contractor to make sale of the houses, his compensation being fixed at $2,000, in case a purchaser was found. This was done, and, on June 6, 1919, one Hall entered into an agreement to buy, paying at the time $4,100, as a deposit. The check for this sum was endorsed to the defendant, but on condition that the proceeds should not be used until actual conveyance, so that the amount could be returned in full if, for any reason, the vendor was unable to complete its contract.

After the execution of the agreement, Stonehill, the real estate officer of defendant, told plaintiff his commissions would be taken care of when the final settlement was made, and he should not then insist upon payment, since the vendee required the amount presently paid to be kept intact, as noted above. Later, an order to pay, issued by the construction company to Koons, was assigned to Best, the use-plaintiff, and notice of this fact was given the trust company. Upon the paper filed, there was endorsed the following: "The letter of which the above is a copy was received by the undersigned company on July 3, 1919, for its files, without any obligation to itself." Testimony was further offered to show a promise in December following that the commissions would be paid when the mortgages given in part payment of the purchase price were satisfied.

These facts were proven at the trial. It appeared the first conversation between Koons and the trust company officer occurred when the agreement of sale was entered into, and the promise to take care of the commissions followed the consummation of the transaction. It was also shown that the money paid at the time was accepted upon condition that it should not be used for any purpose until final conveyance was made, when, in fact, the

whole of the proceeds of the deposited check was consumed in the payment of bills for construction. No evidence was introduced indicating the defendant had other funds in its hands applicable to the payment of the claim. The learned court below entered a compulsory nonsuit, which it subsequently refused to set aside, and judgment was entered for the defendant; hence this appeal.

The first question raised is the effect of the promise made on June 6th, by the real estate agent of defendant, and later in December, to see that the commissions were paid. It is insisted that the declarations testified to created a contract, and that ample consideration appears in the undertaking of Koons to withhold demand for payment of his claim. Forbearance in the collection of an outstanding account may be sufficient to make valid the promise to pay a debt of a third person, provided the grant of such delay is of benefit to the promisor, or the one for whom he intervenes. But, in the present case, the alleged agreement was made after the sale was concluded, and nothing remained to be done to make it a binding agreement. The check had already been transferred, subject to the condition that the fund should not be used until a final settlement was made. The only relation which the defendant bore to the construction company was that of indemnitor of its mortgages in so far as completion of the actual building of the houses was concerned. The record shows it had no other interest, and we can, therefore, find no consideration for the promise. Neither Koons nor his principal did anything in reliance upon Stonehill's statement. Of course, the employer was liable for the commissions which it agreed to pay to its agent, now collectible by his assignee, but the voluntary assumption of that responsibility by a third person, having no interest other than here appeared, cannot be enforced.

Another obstacle to a recovery in this case is found in the fact that the alleged agreement to pay the debt of another was in parol. It cannot be said to be a new con-

tract by the defendant. "Where a liability is to be in-
curred on the strength of an oral promise, and it does
not appear from all the facts entering into the trans-
action that it was the intention of the promisor to create
an original undertaking by him, he cannot be made liable
by reason of the statute on such promise......While it
has been held that a promise to pay the debt of another is
not within the statute of frauds, where the promisor has
money or property of the debtor placed in his hands for
the purpose of such payment, or where in any other way
an agency or trust arises which involves a duty to pay"
(Riley v. Kahn, 68 Pa. Superior Ct. 415, 418), yet,
here, it was not made to appear that any such fund ex-
isted, the check for $4,100 having been deposited under
the express condition that it should not be used for the
payment of commissions, or for any other purpose, prior
to settlement,—the outstanding construction accounts
were first to be satisfied,—and the existence of any other
sums which could be applied in payment was not made
evident. The case of Buckwalter Stove Co. v. Central
Trust & Savings Co., 53 Pa. Superior Ct. 558, relied on
by appellant, is to be distinguished in that goods were
there furnished upon the agreement of the defendant,
trustee of the building funds, to pay, if further materials
were furnished. On the strength of this promise, heaters
were supplied; but no such circumstances appear here.

The order of the construction company to Koons for
the sum due, assigned to Best, and received by the de-
fendant, cannot alter the situation, in view of the en-
dorsement thereon. Nothing is set forth therein indi-
cating a promise in writing to pay; on the contrary, it
was considered merely as a notice of claim, received
without effect upon the rights of the respective parties.

From what has been said, it follows that a correct
conclusion was reached by the court below, and the as-
signment of error should be dismissed.

The judgment is affirmed.