DOWNEY, Judge.
This is an appeal from a final judgment wherein, among other things, the trial court found in favor of appellee Helen V. Jones and against appellants Thaddeus J. Bara and Lois S. Bara, his wife.
The Baras had purchased 48% of the common stock of Carpet King, Inc., for $20,000. The owner of the remainder of the common stock, appellee David L. O’Dell, purchased the Bara 48% interest and made periodic payments on the balance due. Eventually, O’Dell ceased paying the Baras and they brought suit for the balance. The Baras and O’Dell entered in negotiations to refinance the debt and prevent the suit from going to judgment. The Baras were unwilling to postpone payment without some security. Accordingly, O’Dell prevailed upon his employee, Helen Jones, to secure the obligation by giving the Baras a note and security agreement encumbering some antiques she owned. As a consequence, the pending suit was not further prosecuted.
The debt was reduced from $14,000 to approximately $9,800 when a default occurred and the Baras commenced this suit against the appellees. Neither O’Dell nor Carpet King, Inc., appeared in the case, and a default was entered against them. But Jones filed an answer, pleading lack of consideration, among other affirmative defenses. The trial court entered judgment for the Baras against O’Dell and Carpet King, Inc., but the court found in favor of Jones on her affirmative defense of lack of consideration. The latter aspect of the judgment is the subject of this appeal.
It is fundamental in the law of contracts that forbearance to sue on a debt, when the forbearance is bargained for, is good consideration for the promise of a third person, even though the claim is not asserted against the third person and the forbearance was of no advantage to him. 1 Corbin On Contracts, § 139; Marks Brothers Paving Co. v. Mt. Vernon Homes, Inc., 156 So.2d 787 (Fla. 3rd DCA 1963).
In the case at bar, Jones contends that she intended only to collateralize the debt and that she was misled. However, it is clear that any misrepresentations were attributable to O’Dell and not to the Baras. Jones also takes the position that she was simply an employee rather than a director or stockholder of Carpet King, Inc., and thus no benefit flowed to her from the Baras’ forbearance in this case. However, as indicated above, the benefit of the forbearance moved to O’Dell and Carpet King, Inc.; thus, Jones’s purported failure to receive any benefit from the forbearance does not affect the sufficiency of that forbearance as consideration for Jones’s promise.
Accordingly, we hold that the trial court misinterpreted the legal effect of the evidence and thus improperly entered judgment for Jones. The final judgment is therefore reversed as to Jones, and the cause is remanded with directions that the trial court enter judgment for the Baras and against appellee Jones.
REVERSED IN PART and remanded with directions.
LETTS, C. J., and BERANEK, J., concur.